THOMAS McLELLAN *versus* THE PRES'T; &c. CUMBERLAND
BANK.

If an action against an aggregate corporation, for maliciously causing the
plaintiff to be arrested on an execution issued on a judgment in their favor
against him, can under any circumstances be sustained, it cannot be done,
without showing both malice and want of probable cause; and the arrest
complained of, must have been wholly groundless, and that known to the
defendants.

Whatever may have been the previous conversations between the parties, or
even their understandings of what was agreed upon between them, or of the
by-standers who might have been present at the negotiation, yet if the parties
finally proceed deliberately and fairly to put their agreement into a written
instrument, that writing is conclusive not only upon them, but also, there
being no fraud, upon third persons.

Where the creditor has two separate claims against the same five debtors, on
different bonds, and the creditor, in consideration that one of them " has
settled and adjusted the suit on the first bond," covenants with the debtor,
that he will not collect of him any portion of the execution issued upon the
second bond; this is not a release of the execution debtors on the second
bond.

CASE for a " malicious arrest and imprisonment" on an ex-
ecution in favor of the defendants against the plaintiff and
several others.

At the trial, before WHITMAN C. J. the parties agreed, after
their evidence was all before the jury, that if upon this testi-
mony, including that offered by the plaintiff and rejected by
the presiding Judge, or so much thereof as should have been
received as legal evidence, the Court should be of opinion that
this action is maintainable, then it is to be submitted to a jury
to ascertain the damages; and if not, the plaintiff is to become
nonsuit.

The facts considered to have been proved by the evidence,
are found sufficiently in the opinion of the Court.

*Howard* and *Rand* argued for the plaintiff. To the point,
that an action on the case, and not *audita querela,* was the
proper remedy, they cited 5 Metc. 228; 10 Mass. R. 103; 17
Mass. R. 158.

That an action on the case will lie for a malicious arrest on
an execution, known to the party directing it to have been pre-

viously satisfied, and against a corporation. 11 East, 297 ; 3 T. R. 185 ; 1 D. & Ry. 97 ; 11 Mass. R. 500 ; 3 Hill, 193 and 531 ; 2 Hill, 629 ; 7 Cowen, 485 ; 23 Pick. 24 and 139 ; 7 Mass. R. 186 ; 16 East, 6 ; 2 Kent, 284 ; 2 Wend. 452 ; 3 Campb. 403 ; 17 Mass. R. 503.

That the testimony offered by the plaintiff, to show that the execution had been in fact actually satisfied, was erroneously excluded. 1 Greenl. Ev. § 275, 277, 279, 282, and 285.

*A. Haines,* for the defendants, contended that a covenant never to prosecute an existing demand operates as a release only where made with a sole debtor ; and in such case it is allowed to have such effect for the purpose merely of avoiding circuity of action. 2 Johns. R. 450 ; 2 Salk. 575 ; 8 T. R. 168 ; 2 Saund. 48 ; 7 Johns. R. 207 ; 18 Pick. 414 ; 22 Pick. 305 ; 17 Mass. R. 623 ; 4 Greenl. 421.

The written agreement between the bank and Dow is conclusive in relation to the arrangement between them, and it cannot be varied by parol evidence. 1 Stark. Ev. (7 Am. Ed.) 500 ; 2 Stark. Ev. 753 ; 11 Johns. R. 215.

But if the testimony offered was admissible, it would not show, that the execution was satisfied, or intended by the parties to be satisfied.

The opinion of the Court, SHEPLEY J. *taking no part in the decision, was drawn up by*

WHITMAN C. J. — This is a suit against the defendants, an aggregate corporation, for maliciously causing the plaintiff to be arrested on an execution, which had been issued on a judgment against him, and certain other individuals, in favor of the defendants. If the action, upon the evidence offered on the part of the plaintiff, is not maintainable, a nonsuit is to be entered ; otherwise the action is to stand for trial.

The first question, obviously presented by the case, is, can a corporation aggregate be chargeable with malice ? Such corporations have been held answerable in trover ; and might, perhaps, be holden answerable in other actions, sounding in tort, for acts done by their officers, under circumstances imply-

ing an authority to do them. But it may well be doubted if such corporations can be implicated, by the acts of their servants, in transactions in which malice would be to be found, in order to the sustaining an action against them therefor. But this case does not render it necessary that we should enter into the further consideration of this particular point.

To support this action there must be proof of turpitude on the part of the defendants. There must be both malice, and the want of probable cause. Buller's N. P. 14. The arrest complained of, must have been wholly groundless, and that known to the defendants. *Waterer* v. *Freeman*, Hob. 260. Was the suing out of the execution, on which the arrest was made unauthorized; and must the defendants be believed to have known it to be so?

On the part of the plaintiff it was proved, that a previous execution on the same judgement had been issued; and it was attempted to be proved, that it had been fully satisfied by two of the other debtors therein, viz. John and Jeremiah Dow, who were partners in trade. One of those, John Dow, was produced as a witness to prove it. He testified that an officer, by virtue of the first execution, entered their store, and seized their stock in trade; and that, thereupon, they effected an adjustment with the defendants; whereupon their goods were liberated from the seizure; that the adjustment was in writing, which he produced; and that he considered it a settlement of the execution, by virtue of which the seizure had been made; but that the writing contained the true statement of the matter. The plaintiff, also, offered other witnesses, who were present at the negotiations concerning the adjustment, to prove, that they understood it as including a satisfaction of that execution. And it was contended for the plaintiff, that the terms of the writing produced were not, in reference to him, to be deemed conclusive, he having been no party to the instrument. But the ground upon which his position rested, that the first execution had been discharged, depended upon the fact, whether it had been so or not; and that depended on the import of the writing between the defendants and the Messrs. Dow. What-

McLellan *v.* Cumberland Bank.

ever may have been the previous conversations between these parties, or even their understandings of what was agreed upon between them, or of the bystanders, who might be present at the negotiation, yet, if the parties finally proceeded deliberately and fairly to put their agreement in writing, nothing is better understood, than that the writing is conclusive upon them ; and that all the previous conversations and understandings, in reference to the subject, are inadmissible to control the import of the writing. The plaintiff, in placing his reliance upon a negotiation, which has been thus terminated, is in the predicament of the Messrs. Dow, as much so as if he had claimed land under a deed made to them. Whatever the import of the writing was as to them, it must be deemed the same as to him. It contained a degree of evidence of a higher nature, and paramount to that upon which he would rely, and he must be controlled by it.

In that writing it is set forth, expressly, that the defendants, " in consideration, that the said John Dow and Jeremiah Dow have settled and adjusted the suit on the first bond, herein before named," (not being the one on which judgment had been recovered) the defendants agreed, that they would not collect any portion of the execution, then issued, of the Messrs. Dow. This was neither in form or substance a release of the debtors in the execution ; and amounted only to a covenant in favor of the Messrs. Dow ; leaving the other debtors liable as if nothing of the kind had transpired. The concluding clause of the writing confirms this view of the effect of it. It is, that, although the defendants were not to collect anything more of the Messrs. Dow, yet, that they were not to be responsible to those individuals for any amount, which their co-sureties might be compelled to pay to the defendants, " under, upon or by virtue of said bonds, or either of them ;" and which they should call upon the Messrs. Dow for, by way of contribution.

It is thus evident, that it never could have been the understanding, on the part of the defendants, that they had discharged the first execution; or that they had received the amount, or even any part of the debt, for which it had been

issued, of the Messrs. Dow. The writing contained the agreement with those gentlemen. To that they had a right to refer; and must necessarily have done so, as their guide to their future proceeding. There is, therefore, not the least reason to consider them as having sued out the alias execution, on which the plaintiff was arrested, in bad faith; or otherwise than in perfect accordance with their agreement with the Messrs. Dow.

*Plaintiff nonsuit.*