EZEKIEL S. BELL *vs.* N. M. WOODMAN and others.

60  465
f105  90

*Evidence—inadmissable to any subsequent written contract—or to contradict statement of collateral facts drawn from witness on cross-examination.*

Evidence that the defendants contracted with another person to do the same work, to recover pay for which plaintiff sues, is no defense. In a suit between persons not party to a written contract, it cannot be varied by parol testimony of a different parol agreement previously made ; for such agreement is merged in the writing.

If a statement of a fact, collateral to the issue, be drawn from a witness upon cross-examination, the party eliciting the testimony cannot contradict it.

ON EXCEPTIONS to the rulings of LANE, J., of the superior court.

ASSUMPSIT for labor and materials ; tried by the justice without the intervention of a jury, subject to exceptions in matters of law. Plea, the general issue, with brief statement that the question at issue was whether there was a contract between the plaintiff and

defendants to do the work and furnish the materials sued for in the writ.

The defendants made a written contract with one Coffin, to build a paper-mill for them.

It was contended by defendants that the account sued for in plaintiff's writ was for labor and materials included in the contract with Coffin. The presiding justice found as matter of fact:

1. That whether it was included in the Coffin contract or not, the defendants did make a contract with the plaintiff to perform the labor and furnish the materials charged in his account.

2. That the plaintiff performed the labor and furnished the materials according to the contract.

Defendants offered to prove, by parol testimony, an agreement between Woodman, one of the defendants, and the said Coffin, to do the work and furnish the materials sued for by plaintiff in this writ; but it appearing that the contract for the building of the mill between Woodman and Coffin, subsequently to the parol agreement, was reduced to writing, the court excluded it on the ground that parol testimony was inadmissible to vary the written contract.

Counsel for defendants then offered the same testimony for the purpose of contradicting Coffin, who on his cross-examination said that there was no such parol agreement between himself and defendants, and the court excluded it.

*Wm. H. Clifford,* for plaintiff.

*Mattocks & Fox,* for defendants.

The justice did not find that matters offered to be proved were embraced in the written contract. We say they were not. Evidence on independent, collateral, or contemporaneous oral agreement may be shown between parties to written instrument; *a fortiori,* between one party and a stranger. *Davenport* v. *Mason,* 15 Mass. 85; *Joannes* v. *Mudge* 6 Allen, 245. The rule that parol evidence is inadmissable to contradict written instrument, applies only to suits between parties to it. 1 Greenl. on Ev. § 279; *Badger* v. *Jones,* 12 Pick. 371; *Champlin* v. *Butler,* 18 Johns. 169.

Woodman's testimony admissible to contradict Coffin. 1 Greenl. on Ev. § 462; 2 Phillips on Ev. (4th Am. ed.) 901, 905, 958, c. 10, § 3: *Tucker* v. *Welch*, 17 Mass. 160.

APPLETON, C. J. This is an action of assumpsit for work and labor done and materials furnished.

It seems that the defendants on Sept. 12, 1870, entered into a written contract with one John E. Coffin, to build a paper mill for them. The defense was, that Coffin, by virtue of a parol agreement prior to the written one, was to do the work and furnish the materials sued for in this action.

The presiding judge, to whom the case was referred, found, whether the work and materials in controversy were included in the contract made by the defendants with Coffin or not, that they did contract with the plaintiff to perform the labor and furnish the materials as charged in his account. The finding of the judge as to any matter of fact is conclusive. As the work was done by the plaintiff for the defendants, and under a contract with them, they are legally as well as equitably liable.

The defendants offered to prove, by parol testimony, an agreement between Woodman, one of the defendants, and said Coffin, to do the work and furnish the materials sued for, but, it appearing that the parol agreement was subsequently reduced to writing, the court excluded it.

This exclusion was correct. The previous conversations having been reduced to a written contract, that contract, in the absence of fraud, is the best proof of their agreement, and it cannot be varied or contradicted by parol evidence. *McLellan* v. *Cumberland Bank*, 24 Maine, 566; 1 Greenl. on Ev. § 275. Further, it was no answer to the plaintiffs' claim for work done and for materials furnished the defendants under a contract with them, that they had contracted with some other person to do the work and furnish the materials, which had not been done nor furnished.

As the prior parol agreement had been merged in a written contract, the parol agreement ceased to have any validity. As the

defendants contracted with the plaintiff to do certain things which he had done, it was nothing to him what bargains they might have made with others.

The defendants having cross-examined Coffin upon what was immaterial must be concluded by his answers.

*Exceptions overruled.*

CUTTING, WALTON, DICKERSON, DANFORTH, and TAPLEY, JJ., concurred.