**Roger N. GAGNE and Irene M. Gagne, Plaintiffs,**

v.

**RALPH PILL ELECTRIC SUPPLY COMPANY, Defendant.**

**Civ. No. 85–0263 P.**

United States District Court,
D. Maine.

March 19, 1986.

See also 595 F.Supp. 1081.

George W. Beals, Portland, Me., David R. Ordway, Ordway, Delicata & Albanese, Biddeford, Me., for plaintiffs.

Harrison L. Richardson, Thomas E. Getchell, Richardson, Tyler & Troubh, Portland, Me., for defendant.

MEMORANDUM OF DECISION AND ORDER OF COURT ON MOTIONS OF DEFENDANT AND PLAINTIFFS FOR SUMMARY JUDGMENT

GENE CARTER, District Judge.

Presently before the Court are the motions of Defendant Ralph Pill Electric Sup-

ply Company ("Ralph Pill") for summary judgment and of Plaintiffs Roger N. Gagne ("Gagne") and Irene M. Gagne for partial summary judgment. Plaintiffs also have moved to postpone a hearing on the Defendant's Objection to the Magistrate's Recommended Decision until the Magistrate has acted upon the Plaintiffs' motion for partial summary judgment.

The Complaint alleges that Gagne suffered injuries on or about October 9, 1979, when a projectile fired from a powder-actuated fastening device sold by Defendant Ralph Pill struck Gagne. The fastening device, or "stud gun," was manufactured by a German company and distributed by Power Anchor Corporation ("Power Anchor"). In a previous action, Plaintiffs sued the manufacturer and distributor of the stud gun and were awarded compensatory damages of $4,700,000.00 and punitive damages of $5,000,000.00. Civil Action Docket No. 82–0134–P. Following the entry of judgment and during the pendency of appeal, Plaintiffs settled their claim against the manufacturer and distributor for $1,700,000.00. On July 30, 1985, Plaintiffs signed a Release and Indemnity Agreement ("the Release") in connection with the settlement of that action.

On August 29, 1985, Plaintiffs filed the present action against Ralph Pill, the alleged retail seller of the stud gun. In its answer to Plaintiffs' Complaint, Ralph Pill raised the affirmative defense that the language of the Release barred any claims by Plaintiffs against Ralph Pill.

On December 16, 1985, Defendant filed a motion for summary judgment, asserting that Plaintiffs' original Release barred the present action against Ralph Pill, and that any attempted reformation of the Release by Plaintiffs after Ralph Pill raised it as a defense is ineffective. Following the Magistrate's Recommended Decision of February 5, 1986, that the motion of Defendant for summary judgment be denied, Plaintiffs filed a motion for partial summary judgment on March 4, 1986, seeking a judgment on Defendant's affirmative defense and counterclaim based on the Release.

Because the issues raised by both parties in their motions for summary judgment focus upon the language of the Release and its application to Ralph Pill, the Court will dispose of both motions at this time.

The central question before the Court in both motions for summary judgment is as follows: Does the language of the original Release as a matter of law preclude the filing by Plaintiffs of a subsequent action against Ralph Pill?

The relevant language of the Release states that Plaintiffs agree to

release, acquit and forever discharge and agree to hold harmless Power Anchor Corporation, Carl Bauer Schraubenfabrick GmbH, Colonia Insurance Company, Colonia Versicherung A.G., Zurich Insurance Company, Zurich Versicher-une-Gesellschaften, and Morris Spitzer (and any other person, partnership, firm or corporation charged or chargeable with responsibility or liability, their heirs, representatives, successors, and assigns) (hereinafter Releasees) of and from any and all actions, causes of action, claims or demands for property damage, personal injuries, punitive damages, emotional distress, mental suffering or damages of whatever kind resulting from the accident which occurred on October 9, 1979 at the residence of John R. Roberge, Pool Road, Biddeford, Maine, including any claims asserted in the lawsuit entitled *Roger N. Gagne and Irene M. Gagne v. Carl Bauer Schraubenfabrick GmbH and Power Anchor Corporation v. John R. Roberge*, United States District Court, Civil Action—Docket No. 82–0134–P [595 F.Supp. 1081 (D.Me.1984) ]....

Release and Indemnity Agreement, ¶ 1.

It is the primary contention of Defendant that the language appearing in the first set of parentheses following the enumerated list of released parties clearly and unequivocally discharges and releases *"any* other person, partnership, firm or corporation charged or chargeable with responsibility or liability" from all claims arising out of the original accident which injured Gagne. (Emphasis added.) Defendant maintains

that such broad language clearly releases even unnamed entities such as Ralph Pill, and it asserts that this is the logical result of a bargained-for exchange between Plaintiffs and the manufacturer and distributor in the original action. According to Defendant, Power Anchor would have sought such a release so as to prevent a suit by Plaintiffs against the retailer of the stud gun, who then might have pursued Power Anchor in contribution or indemnity.

Plaintiffs also contend that the language of the entire release is clear and unambiguous. Plaintiffs assert that the original Release, including the parenthetical reference, refers only to entities connected with the named defendants in the original action, thereby excluding on its face any other company, such as Ralph Pill, from coverage under the discharge.

The Court concludes, however, that neither party is correct in its contention that the Release unequivocally addresses the question whether Ralph Pill falls within the scope of the discharge.

## I.

Defendant relies on the above-quoted language within the parentheses of the Release for its assertion that Plaintiffs are unambiguously barred by the plain meaning of the settlement agreement from pursuing it in the present action. *City of Augusta v. Quirion*, 436 A.2d 388, 392 (Me.1981). Nevertheless, the Court finds sound the Magistrate's reasoning that the provision lacks such clear and unambiguous breadth, given that it only appears within parentheses following a listing of several named parties. A logical conclusion is that the parenthetical reference refers only to entities connected with the preceding list of parties.

Moreover, in a subsequent paragraph of the Release, Plaintiffs covenant to indemnify releasees from all claims including those for contribution and indemnity. Release and Indemnity Agreement, ¶ 5. The Magistrate correctly concludes that such a provision undercuts Ralph Pill's contention that the original defendants would have

seen the need to bargain for a broad release that would have included Ralph Pill; given the protection afforded by the indemnity provision of the Release, the manufacturer and distributor logically would not have vigorously pursued a release with the breadth asserted by Ralph Pill. For the purposes of summary judgment, Defendant has failed to prove that it is entitled as a matter of law to the broader interpretation.

Defendant also contends that it is an intended third-party beneficiary under the Release between Plaintiffs and Power Anchor and, therefore, maintains that it is empowered to enforce the provisions of the Release in a defense to Plaintiffs' present action. *Forbes v. Wells Beach Casino, Inc.*, 307 A.2d 210 (Me.1973).

The Restatement of Contracts (Second), § 302, states in part:

(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary *if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties* and either

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

(Emphasis added.)

Defendant has failed to establish as a matter of law that its right to performance is "appropriate to effectuate the intention of the parties." Despite Ralph Pill's contention that the Plaintiffs intended to confer the benefit of release upon it so as to shield Power Anchor and others from future contribution or indemnity claims, Defendant has failed to put forth any evidence to support a legal conclusion that named parties to the Release intended to fulfill any obligation to Defendant. *Moosehead Sanitary District v. S.G. Phillips Corp.*, 610 F.2d 49, 53 (1st Cir.1979). Sum-

mary judgment in favor of Defendant, therefore, is inappropriate.[1]

## II.

Plaintiff's central argument in support of partial summary judgment is that the pertinent language within the parentheses of the Release unambiguously relates to the immediately preceding list of entities chargeable with responsibility for acts or omissions associated with the accident. Plaintiffs assert that the relevant language must be read in the context of the entire instrument, *Bendix v. Boston Old Colony Insurance Co.*, 417 A.2d 453, 455 (Me. 1980), and that a subsequent provision indemnifying releasees from contribution or indemnification claims indicates that the language at the outset releasing Power Anchor, *et al.*, from "any and all" actions should be read narrowly so as not to include Ralph Pill. According to Plaintiffs, the releasees would have seen no need to bargain for a broad release encompassing Ralph Pill, since the releasees were shielded by subsequent provisions from any potential claim which Ralph Pill might have brought against them for contribution.

Plaintiffs' argument has a logical appeal. Moreover, in addressing this issue, the Court recognizes that the question whether the language of a contract is unambiguous is one of law rather than fact. *Hare v. Lumbermen's Mutual Casualty Company*, 471 A.2d 1041, 1044 (Me.1984).

Nevertheless, Maine law treats contract language as ambiguous " 'when it is reasonably susceptible of different interpretations'." *Portland Valve, Inc. v. Rockwood Systems Corp.*, 460 A.2d 1383, 1387 (Me.

1983), quoted in *Hare v. Lumbermen's*, 471 A.2d at 1044. The Court has previously noted that the language within the parentheses of the Release, *supra*, does not unambiguously cover Ralph Pill. That wording, however, also does not unequivocally limit coverage to the named parties and their related entities. Under Maine law, the interpretation of such ambiguous contractual language is for the trier of fact. *Hare v. Lumbermen's Mutual Casualty Company*, 471 A.2d at 1044 (citation omitted).

Plaintiffs have filed affidavits in support of their contention that the Release language unambiguously excludes Ralph Pill from the scope of the discharge. The Magistrate, however, correctly concludes that Maine law permits the introduction of such parol evidence only if the agreement is ambiguous. *Bell v. Woodman*, 60 Me. 465 (1872).[2] Moreover, the Court simply cannot rule as a matter of law that the broad language releasing "any other person, partnership, firm or corporation charged or chargeable with responsibility or liability" should be read unequivocally to exclude Ralph Pill from its reach.

Given the Court's conclusion that the language of the Release and Indemnity Agreement of July 30, 1985, is ambiguous in its application to Defendant Ralph Pill, the Court *ORDERS*:

(1) that the motion of Defendant Ralph Pill Electric Supply Company for summary judgment be, and it is hereby, DENIED;

(2) that the motion of Plaintiffs Roger N. Gagne and Irene M. Gagne for partial

---

**1.** In its summary judgment motion, Defendant also asserts that any attempted reformation of the original Release by Plaintiffs, in a subsequent agreement of October 31, 1985, should be deemed ineffective as against Defendant. In support thereof, Defendant cites the Restatement (Second) of Contracts, § 311(3). However, that section presupposes that the party empowered to block modification of an agreement is a third-party intended beneficiary. Because the Court concludes that Defendant has not met its burden of demonstrating as a matter of law that it was an intended beneficiary to the

original Release, the Court need not address the effectiveness of this alleged modification of the Release.

**2.** The Magistrate also properly rejected Plaintiffs' argument that parol evidence is not barred when a party to an agreement seeks to prove its intent in a proceeding against a nonparty to the contract. Maine law contains no such exception to the parol evidence rule. *McClellan v. Cumberland Bank*, 24 Me. 566 (1845); *Bell v. Woodman*, 60 Me. 465 (1872).

summary judgment be, and it is hereby DENIED; and

(3) that the motion of Plaintiffs to postpone a hearing on Defendant's objections to the Magistrate's Recommended Decision be, and it is hereby, DENIED.