## JESSE DAVIS vs. JACOB ROBY.

*Evidence.    Practice.*

Answers to collateral inquiries on cross-examination cannot be contradicted by the party inquiring, for the purpose of impeaching the witness.

But a witness may be impeached by proof that she has said that she knew nothing about the case, except what her husband had told her; and that her memory was so treacherous her husband had to keep telling her what to testify to;—even though, upon cross-examination, she has denied making the statements.

ON EXCEPTIONS.

TRESPASS *de bonis*, for taking three cows. The plaintiff claimed title to the property by virtue of a bill of sale signed by one Frances A. Sawyer, wife of Charles E. Sawyer, which bill of sale was executed at the plaintiff's house in Lisbon, April 11, 1871, and a delivery of the property to the plaintiff by Mrs. Sawyer, about two or three weeks afterwards, on the Getchell place in Webster, where Mr. and Mrs. Sawyer then lived. The defendant claimed title to the property by virtue of two bills of sale given to him by Mr. Sawyer. The first bill of sale was dated September 30, 1868, and included two of the cows in question; and the other bill was dated February 5, 1870, and included the third cow. Delivery of the cows to the defendant was made at the times when these bills of sale were given.

At the time the bills of sale were given to the defendant, Mr. and Mrs. Sawyer lived in Lewiston, on a farm owned by the plaintiff, for the conveyance of which the plaintiff had given Mrs. Sawyer a bond or other agreement; according to the terms of which bond or agreement there was a large amount due to the plaintiff. The Sawyers remained on the Davis place in Lewiston, till early in 1871, when they removed to Webster, where Mrs. Sawyer took a lease of a farm of one Getchell, and where they resided when Mrs. Sawyer gave the bill of sale to the plaintiff. The defendant introduced evidence tending to prove that Mrs. Sawyer had knowledge of, and gave her consent to the sales of the property to the defendant; and the plaintiff also introduced Mr. and Mrs. Sawyer,

to prove the want of such knowledge and consent on her part. Mr. Sawyer, among other things, testified on cross-examination that the money which he received from the defendant and for which he gave the bills of sale of the cows, was for a special purpose of his own, and that none of it was paid to the plaintiff towards the Davis place. The defendant introduced one H. B. Bartlett, and offered to prove by him that Mr. Sawyer, shortly after he gave the bills of sale to the defendant, told him (Bartlett) and others that he (Sawyer) had sold the cows in question to the defendant, and had paid the money so obtained from the defendant to the plaintiff towards the place which the plaintiff had given his obligation to convey to Mrs. Sawyer, as aforesaid.

The plaintiff objected to the introduction of the evidence so offered by the defendant, and the presiding judge excluded it, on the ground that it would only contradict Sawyer on a collateral matter. The defendant also introduced one Mrs. Smith, who testified thus on cross-examination: "I know Levi T. Coombs, by sight. I remember having some conversation with him."

"*Ques.* Did you tell him that your memory was very poor and that your husband had to tell you every day or two what you should testify to here?"

"*Ans.* No Sir, nothing of the kind."

The plaintiff thereupon called Levi T. Coombs, who testified against the objections of the defendant, "I am some acquainted with Mrs. Smith."

"*Ques.* What conversation, if any, did you have with Mrs. Smith in relation to this matter, what she should testify to?"

The defendant objected to the question as being both collateral and irrelevant. The presiding judge ruled it admissible, and the witness testified thus: "While I was out with the jury yesterday afternoon Mrs. Smith approached me and said, I suppose I am going on the stand in the next case. Said I, what case do you refer to? She said, Mr. Davis and Mr. Roby;" adding, "I do not remember anything about it any further than Mr. Smith has told me." She said her memory was so treacherous she could not

remember;—so Mr. Smith told her before me what to testify to, and said he, "you must tell the same story twice, if you are called on, if you don't it will spoil it all."

To the foregoing rulings in excluding and admitting testimony the defendant excepted, the verdict being against him.

*C. Record* and *J. D. Stetson* for the defendant.

If the testimony of Bartlett was properly excluded because tending to contradict Sawyer upon a collateral point, what can be said of the admission of Coombs' testimony to contradict Mrs. Smith's statement; especially when this witness was allowed to go on and tell what Mr. Smith said to his wife, in the absence of all parties to this litigation.

*A. D. Cornish* and *H. C. Wentworth* for the plaintiff.

APPLETON, C. J. This was an action of trespass for three cows, the title to which was originally in Mrs. Sawyer, from whom the plaintiff derives his title. The defendant derives title from her (Mrs. Sawyer's) husband by a bill of sale prior in date and in delivery to that upon which the plaintiff relies.

Mr. and Mrs. Sawyer were both witnesses and testified that the bill of sale to the defendant was without the knowledge or assent of the latter. Mr. Sawyer upon cross-examination testified that the money which he received from the defendant was for a special purpose of his own, and that none was paid the plaintiff toward the Davis place of which the wife had a bond for its conveyance upon certain conditions which had not been performed. The defendant offered to show that Sawyer said, shortly after the sale to the defendant, that he had paid the money raised from the sale of the cows to Mr. Roby to the plaintiff toward the amount due on the bond for a deed given by him (Davis) to Mrs. Sawyer. This evidence the court refused to receive, as it would only contradict the witness upon a collateral matter.

It was immaterial what Sawyer did with the money received from the sale of the cows, if the sale was without the knowledge or consent of his wife. The offer was to show that he had given a

different account of the disposition of the money;—but that was entirely immaterial, unless such disposition was with her knowledge and consent;—but that was no part of his statement.

The inquiry was collateral to the main question and the defendant must abide the answer. The rule is uniform that answers to inquiries on cross-examination as to collateral matters cannot be contradicted. *State* v. *Benner*, *ante* page 267.

A witness may be impeached by showing a bias or prejudice or gross misconduct in reference to the cause in which his testimony is given. Mrs. Smith was a witness. She was impeached by proof from her own lips that she knew nothing about the case but what her husband had told her, and that he had told her the story she must tell, with a caution, that she must tell the same story twice alike or she would spoil all. The authorities all show that a witness may thus be impeached. *Chapman* v. *Coffin*, 14 Gray, 454; *Day* v. *Stickney*, 14 Allen, 255; *Swett* v. *Shumway*, 102 Mass., 365; *New Portland* v. *Kingfield*, 55 Maine, 172. Certainly a statement that she knew nothing about the case except what was told her is a contradiction of any statement as to her knowledge.

The exception taken was to the interrogatory proposed. If the answer was irresponsive, or in part contained inadmissible statements, the objection should have been made thereto, at the time, so that whatever was objectionable could be stricken out.

*Exceptions overruled.*

WALTON, DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.