JOHN A. BOYERS, Appellant, v. FRANK LIND-
HORST.

Division One, December 1, 1919.

1. **MALICIOUS PROSECUTION: Evidence: General Reputation.** The essential elements in a suit for damages for malicious prosecution are malice and want of probable cause, and such being true, evidence offered by defendant that plaintiff's general reputation for peace and quiet in the community in which he lived was bad, if known to defendant at the time of the prosecution, is admissible, whether or not his reputation was put in issue by the pleading, and whether or not he asked for compensation for injury to his reputation by an unwarranted arrest for malicious destruction of property.

2. ———: ———: ———: **Put in Issue by Petition.** An allegation in the count of the petition for malicious prosecution that by reason thereof plaintiff "was subject to great pain of mind, humiliation, mortification and disgrace" and asking compensation for these, puts plaintiff's general reputation for peace and quiet in issue, and justifies evidence offered by defendant to show such reputation was bad.

3. ———: ———: **Reputation for Peace: Conduct Similar in Character: Erroneous Charge Preferred.** In an action for damages evi-

dence of plaintiff's general reputation must be such as shows it to be bad in the same sense in which his reputation was injured by the alleged malicious prosecution; and where defendant requested the arrest of plaintiff for tearing down a fence inclosing a lot belonging to defendant, evidence of plaintiff's general reputation for peace and quiet is pertinent and admissible, as bearing on the question of the malicious destruction of property; and the fact that the police officer, without the knowledge of defendant, preferred a charge of trespassing against plaintiff, does not affect the admissibility of the evidence.

4. ———: ———: ———: **Form of Answer and Questions: Waiver.** Testimony by a police officer, in answer to an inquiry as to appellant's general reputation, that it was bad among the police officers, though improper, cannot be held error on appeal if no motion to strike it out was made. Likewise complaints that the inquiries concerning appellant's reputation were not in proper form, and that other witnesses did not qualify by stating they knew his reputation, are waived, if no objections were made at the time.

Appeal from St. Louis City Circuit Court.—*Hon. William T. Jones*, Judge.

Affirmed.

*James T. Roberts* for appellant.

(1) The general rule in civil cases is that evidence of plaintiff's reputation or character is not admissible unless put in issue by the pleadings. False imprisonment does not necessarily include injury to character or reputation and therefore the character of the plaintiff is said not to be directly in issue in such actions. Plaintiff only puts his reputation in issue when he by his petition alleges that the wrongful imprisonment has resulted in damage to his reputation. Milton v. Missouri Dairy Company, 188 Mo. App. 278. (2) The fact that defendant had knowledge of the reputation of the plaintiff at the time he made the charge or caused the arrest is essential, where it is offered to show probable cause. Hemming v. Wamsher, 20 Pa. St. 979; Skidmore v. Bricker, 77 Ill. 164. (3) Such evidence, if admissible at all, must relate to the general bad reputation of the

plaintiff. Evidence of plaintiff's bad reputation among a particular class of persons is not admissible. Echbach v. Hurtt, 47 Md. 61. (4) The inquiry should be confined to plaintiff's general reputation for integrity and moral worth or to conduct similar in character to that with which he is charged by the defendant. Leonard v. Allen, 11 Cush. (Mass.) 241.

*O. J. Mudd* and *Charles J. Franck* for respondent.

(1) Appellant has not saved any exception to the ruling of the court on which to rest his assignment of error. State ex rel. v. Diemer, 255 Mo. 336. (2) The pleadings fairly put in issue the plaintiff's character and reputation, and so evidence on that issue was not error. 1 Greenleaf on Evidence (17 Ed.), pp. 45-46, pars. 1-2; 1 Wigmore on Ev. sec. 75, p. 157; Jones on Ev. (2 Ed.) sec. 157, p. 176; Gregory v. Chambers, 78 Mo. 294; Vawter v. Hultz, 112 Mo. 633; Stubbs v. Mulholland, 168 Mo. 47. (3) The objected testimony was proper on the measure of damages. Authorities last above.

RAGLAND, C.—An action for damages in the sum of $10,000. The petition counts respectively on false imprisonment and malicious prosecution. Plaintiff being cast on the trial to a jury has in due course prosecuted his appeal to this court.

Defendant was the holder of a note secured by a deed of trust on a lot owned by the plaintiff in the City of St. Louis, which was fenced, but otherwise unimproved. Plaintiff defaulting in the payment of interest, a foreclosure sale was had under the deed of trust, through which and a mesne conveyance defendant acquired the full title. After some specious efforts to redeem, the plaintiff began tearing down and removing the fence enclosing the lot. According to defendant's version, which the jury seem to have accepted, on knowledge of plaintiff's action coming to him, he went to plaintiff for an explanation of his conduct and

to expostulate with him. Having previously learned from plaintiff's neighbors that plaintiff was reputed amongst them to be a dangerous man, he took a police officer with him to the interview for protection against any violence that the plaintiff might exhibit. No particular altercation took place, but plaintiff told defendant in effect that the foreclosure sale was invalid; that he, defendant, had no title, and that he could not stop plaintiff from taking the fence down. Thereupon defendant requested the officer to arrest plaintiff for tearing down the fence. Pursuant to the request plaintiff was placed under arrest, a police patrol wagon was called, and plaintiff was therein conveyed to the police station. There the officer without the knowledge or consent of the defendant, then or thereafter, preferred a charge of trespassing against the plaintiff. Plaintiff was locked up, but later released on bond. On the trial a few days afterward he was acquitted.

In the trial of this cause the court, over the objection of the plaintiff, admitted in evidence the testimony of several witnesses offered by the defendant to the effect that the general reputation of plaintiff for peace and quiet in the community in which he lived was bad. This is assigned as error, and is the sole matter preserved by the motion for a new trial for consideration on this appeal.

I. Appellant's chief contention is that his reputation was not put in issue by the pleadings in that he did not ask for compensation for injury to his reputation. Whatever construction may be put upon the petition in that respect it is indubitably true that the essential

Reputation.

issues tendered by the count on malicious prosecution were malice and want of probable cause. On these it was unquestionably admissible for the defendant to introduce in evidence in chief, proof of the general bad character of the plaintiff, if known to him at the time of the prosecution. [Stubbs v. Mulholland, 168 Mo. 47; Peck v. Chouteau, 91 Mo. 138;

Gregory v. Chambers, 78 Mo. 294; Warren v. Flood, 72 Mo. App. 199.]

But the count on malicious prosecution avers that by reason of such prosecution the plaintiff "was subject to great pain of mind, humiliation, mortification and disgrace" and for these he asks compensation. From the use of the terms, "humiliation" and "mortification," it may be inferred that the plaintiff claimed that he had suffered either in his own esteem, or in that of others, but by the use of the term "disgrace," he necessarily charged that he had been brought into disrepute, so that proof of general bad reputation was admissible on the measure of damages. [Peck v. Chouteau, supra.]

II.    Appellant next makes the point that, even though evidence of the general bad reputation of plaintiff was admissible under the pleadings, the inquiry should have been confined to general reputation for integrity and moral worth, or to conduct similar in character to that which he was charged by defendant. It must be conceded that on the question of damages the general bad reputation of plaintiff sought to be shown, if admissible, must be bad in the same respect in which his reputation was, or otherwise would have been injured, by the malicious prosecution, and on the questions of malice and probable cause it must be bad in respect to such matters as naturally would be calculated to affect the probability of the plaintiff's having committed the crime with which he was charged. There must be some logical relation between the two. The question here in concrete terms is whether the general bad reputation of plaintiff for peace and quiet, considered in connection with the other facts and circumstances in evidence, would have any effect in inducing a belief of plaintiff's guilt of the statutory crime of malicious destruction of property in the mind of a reasonable and cautious man. As shown by the evidence the fence was the property of defendant. The plaintiff had no interest in it and in

*Character of Reputation.*

tearing it down either he was acting under the honest belief that he had such an interest in it as gave him the right to do so, or else he did it maliciously. If the act was done under an honest claim of right, it was not a crime; if it was not so done, it was malicious and criminal. If the latter, it was because plaintiff was evilly disposed toward the owner, not the property itself, and by his action he invited retaliatory measures on the part of the owner and a possible breach of the peace. Is it then more probable that he was actuated by malice, if he was a man who was a disturber of the peace and who was quarrelsome, turbulent and violent in his behavior towards others than if he had been a man who respected the tranquility of his community and conducted himself in a quiet, orderly and peaceable manner towards its members? Under the circumstances shown, it seems to us that it is, and we rule that the evidence was admissible on the questions of malice and probable cause, at least. We have not overlooked the fact that the plaintiff was prosecuted on the technical charge of trespassing, but the only complaint that defendant made against plaintiff and for which he requested his arrest and prosecution was that of tearing down the fence. He supposed that the prosecution was based and conducted on that complaint. His liability cannot be predicated on the action of the police of which he was ignorant and which was not attributable to any fault of his.

III. A police officer being asked concerning the general reputation of the plaintiff for peace and quiet in the community in which he lived, replied that it was bad among the officers of the district. The answer was not responsive and was improper, but as **Form of Answer and Questions: Waiver.** plaintiff made no motion to strike it out his objection to it was waived. Appellant also complains that the questions asked the witnesses on reputation were not in proper form, and that some of the witnesses stated that plaintiff's general reputation was bad without first having qualified

by stating that they knew his reputation. No objections in any of these respects were made at the time and consequently they were waived.

Finding no error in respect to the matters preserved for review, the judgment is affirmed.

*Brown* and *Small, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAG-LAND, C., is adopted as the opinion of the court. All of the judges concur.