## HUNT v. JONES.

No. 12646—Opinion Filed Feb. 5, 1924.

Rehearing Denied March 18, 1924.

**Brokers—Action for Commission—Inadmissibility of Other Contracts.**

In an action by a real estate broker to recover a certain sum which he alleges defendant agreed to pay him as commission for procuring a purchaser for a certain farm owned by the defendant, it is error to admit evidence of the terms of contract between the defendant and other real estate agents for the purpose of impeachment or for any other purpose, in the absence of any evidence tending to show any connection between plaintiff's contract and the contracts of defendant with such other parties.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Bryan County; George S. March, Judge.

Action by R. A. Jones against Charley Hunt to recover broker's commission. Judgment for plaintiff, and defendant appeals. Reversed.

McPherren & Hannah, for plaintiff in error.

Hatchett & Semple and W. B. Phillips, for defendant in error.

Opinion by FOSTER C. This action was commenced before a justice of the peace of Bryan county, Okla., by the defendant in error against the plaintiff in error to recover the sum of $178 alleged to be due him as commission for the sale of a certain farm belonging to the plaintiff in error. There was a judgment in the justice court in favor of the plaintiff in error, and the defendant in error appealed to the district court of Bryan county, Okla., where a trial was had and judgment rendered in favor of A. R. Jones, defendant in error, plaintiff below, and against Charley Hunt, plaintiff in error, defendant below, for the sum of $178. The parties will be hereinafter referred to as they appeared in the court below.

In his bill of particulars the plaintiff alleged that in 1919 plaintiff entered into an oral contract with the defendant whereby the defendant employed the plaintiff as agent to procure a buyer for a certain farm owned by the defendant, and agreed to pay plaintiff a commission of five per cent, for procuring a buyer; that in pursuance of this oral contract plaintiff procured one Martin as buyer for the farm and the farm was purchased by Martin for the sum of $3,560; that by reason thereof the plaintiff was entitled to a commission in the sum of $178.

The cause having been filed in a justice court no written answer was filed, but issue was joined on the bill of particulars and the cause proceeded to trial in the district court on the issues thus joined in the justice court.

The cause was tried to a jury and resulted in a verdict for plaintiff in the sum of $178. Judgment was entered upon the verdict and defendant brings the cause regularly on appeal to this court, claiming that the trial court committed reversible and prejudicial error in overruling his motion for a new trial and in admitting certain incompetent, irrelevant, and immaterial evidence.

It is not claimed by the defendant that he did not list the farm for sale by the plaintiff, but it is his contention that under the terms of the contract of listing the plaintiff agreed to find a purchaser within 30 days who was ready, able and willing to purchase the farm on the terms offered; that the plaintiff failed to find a purchaser within the time fixed in the contract and was therefore not entitled to a commission. On the other hand the plaintiff insisted that there was no time limit fixed in the contract, and that he did furnish a purchaser who was ready, able, and willing to buy the farm on the terms fixed by the defendant.

There was a direct conflict in the evidence upon the proposition of whether or not any time limit of 30 days was fixed by the contract of listing, and the court properly submitted this question to the jury, which found under the conflicting evidence before it in favor of the plaintiff on this proposition, and in these circumstances the verdict of the jury is conclusive upon appeal and will not be disturbed by this court.

There being no objections to the instructions given by the court to the jury, it follows that the verdict of the jury must stand unless the trial court committed reversible and prejudicial error in permitting the plaintiff to ask the defendant, Hunt, on cross-examination if he had listed his farm for sale with other real estate agents and upon his answering that he had listed it with Tom Metcalf, A. W. Chesnut, and Bert Abernathy, in permitting the defendant to testify in answer to a question propounded by the plaintiff that a time limit of 30 days was imposed by him in the contract of listing with the said Metcalf, Chesnut, and Abernathy: in permitting the plaintiff in rebuttal to prove by A. W. Chestnut that the defendant had the farm listed for sale with him and that no limit of 30 days in which he should sell the farm was provided in the contract of listing; and in permitting the plaintiff to prove by one Ferguson that the defendant had the farm listed with him also and that no time limit was imposed.

We believe that the admission of this evidence has prejudicial to the rights of the defendant and constituted reversible error.

It is insisted that the contracts which the defendant made with other persons are admissible for the purpose of throwing light upon the nature of the contract which he made with the plaintiff. It is not shown that the contracts between the defendant and third parties were contemporaneous with the contract with plaintiff, or that it had any connection whatever with the other parties with whom the defendant contracted. There is nothing from which it can be inferred that the defendant in making his contract with the plaintiff was influenced by the same motives and considerations by which he was influenced in making the contract with the plaintiff, or that he was acting under a general plan or habit in the making of the several contracts mentioned. So far as the evidence in this record discloses the transactions had by the defendant with these third parties were collateral transactions, and therefore incapable of affording any reasonable presumption or inference as to the facts in dispute in the case at bar.

In the case of Roberts v. Dixon (Kan.), 31 Pac. 1083, the court said:

"The defendant was also allowed to prove that he had cattle contracts with parties other than plaintiff, whereby he was furnished money to invest in cattle at the risk of the party furnishing the money. This testimony was clearly incompetent, and its admission material error. It does not appear that Roberts had any connection with these other parties with whom Dixon had contracts. Testimony that Dixon made a certain contract with a third party is no proof of the contract which he made with Roberts. For these errors there must be a reversal of the judgment and a new trial."

There is nothing to indicate what the testimony of Metcalf and Abernathy, the other parties with whom defendant testified he had contracts, would have been had they been produced as witnesses at the trial. If these witnesses had been produced and had testified in corroboration of the defendant, a mere question of veracity would have been raised between the plaintiff and these parties, and between the parties themselves, upon a purely collateral and unrelated issue. However interesting such an issue might be, it can have no place in this lawsuit.

It is true that the defendant testified that he never listed h's land with the witness V. R. Ferguson, but the testimony of Ferguson in rebuttal in contradiction of the statement of the-defendant upon this point goes no further than to likewise raise an issue of veracity between the defendant and Ferguson.

As we view the testimony of the witnesses Ferguson and Chesnut, it could have no other effect than to descredit the defendant in the minds of the jury upon a collateral issue. It was highly prejudicial to the defendant in that it tended to draw the minds of the jurors away from the point in issue and mislead them to the prejudice of the defendant.

In the case of Provender v. Moore (Me.) 72 Atl. 880, the court said:

" * * * Since one's conduct necessarily varies according to the circumstances and the motives which influence him, his agreement with one person can never afford a safe criterion for his agreement with another under other circumstances. The motives which might have influenced the plaintiff to offer to take Buker's horse for her keeping, such as his knowledge of the qualities of the horse, his then need of a horse, or his relations with Buker, may have been wanting in relation to the agreement in issue.

"The reason for the rule excluding all evidence of collateral facts which are incapable of affording any reasonable presumption or inference as to the fact in dispute is 'that such evidence tends to draw away the minds of the jurors from the point in issue, and to excite prejudice and mislead them.' Greenleaf, Ev. sec. 52; Parker v. Publishing Co., 69 Mo. 174, 31 Am. Rep. 262.

"The testimony of Buker should have been excluded for another reason: Because it violates the uniform rule that answers to collateral inquiries on cross-examination cannot be contradicted by the party inquiring. Bell v. Woodman, 60 Me. 465; State v. Benner, 64 Me. 287; Davis v. Roby, 64 Me. 427. The defendant, having inquired of the plaintiff on cross-examination concerning a collateral matter, should have been held to abide the answer, and not have been permitted to present testimony tending to disprove it.

"The testimony of Buker was a direct contradiction of the plaintiff, tending to discredit him as a witness, and must be regarded as prejudicial."

In the case of Oliver v. Morawetz (Wis.) 69 N. W. 977, the court said in the syllabus:

'In an action by a real estate broker to recover for a certain sum which he alleged defendant agreed to pay him to procure a purchaser of land, it was error to admit evidence of the terms of a contract between defendant and another agent, and of the usual commission paid agents for sale of land of like value."

The court further said in the body of the opinion:

" * * * Such evidence was inadmissible under the repeated ruling of this court. Kvammen v. Mill Co., 58 Wis. 399, 17 N. W. 22; Nash v. Hoxie, 59 Wis. 384, 18 N. W. 408; Kelley v. Schupp, 60 Wis. 76, 18 N. W. 725; Evidence of such collateral facts, incapable of affording any reasonable presumption or inference as to the facts in issue, simply tended to divert the minds of the jurors from the issue being tried, and hence to mislead them to the prejudice of the defendant."

See, also, Greenleaf on Evidence, vol. I, sec. 52; Jones on Evidence, vol. I. sec. 140; T. S. Reed Grocery Co. v. Miller, 36 Okla. 134, 128 Pac. 271.

Under the rules of law laid down in the authorities above cited, it is our opinion that the plaintiff should not have been permitted to impeach the testimony of the defendant upon a collateral issue, and that the admission of such testimony in rebuttal was highly prejudicial to the rights of the defendant and constituted reversible error.

For the reasons stated in the opinion, the judgment of the trial court is reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.