Laney *v.* Mehlman, Appellant.

Argued April 29, 1930. 

 Before T'REXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ. 

*Blythe S. Weddell,* and with him *F. R. S. Kaplan,* for appellant.—In an action for malicious prosecution, evidence is admissible on the part of the defense in mitigation of damages, tending to show the bad reputation of the plaintiff: Winebiddle v. Porterfield, 9 Pa. 137.

*Harry R. Levy,* for appellee.—The reputation of the plaintiff sought to be shown must be bad in respect to such matter as naturally would be calculated to affect the probability of the plaintiff's having committed the crime with which he was charged: Moyer v. Moyer, 49 Pa. 210; Battles v. Laudenslager, 84 Pa. 446.

OPINION BY CUNNINGHAM, J., July 10, 1930:

J. B. Laney, plaintiff below and appellee herein, alleging that a prosecution against him on a charge of larceny by bailee (of which he was acquitted in the

quarter sessions) had been maliciously instituted by Philip Mehlman, brought this action in trespass to recover damages for, inter alia, the injury to "his reputation and character." The trial resulted in a verdict against Mehlman and he has appealed from the judgment entered thereon after a new trial had been refused.

The only question involved under the assignments is thus stated by counsel for appellant: "In an action for malicious prosecution, is not evidence of the general reputation of the plaintiff admissible for the purpose of showing probable cause and also in mitigation of damages?"

The last witness called by appellant was a police officer who, after testifying that he had known the appellee for five years and knew the people in the community in which he lived, was requested to answer yes or no to the question: "Do you know the reputation of Mr. Laney in the community in which he lives, for being a lawful and good law abiding citizen?" The word "peaceful" appears in lieu of the word "lawful" as the question is printed in the assignment, but in the view we take of the case it is immaterial which word was used at the trial. An objection to the question as irrelevant and immaterial was sustained and this ruling is now assigned for error. The objection and ruling were somewhat premature; a negative reply would have ended the inquiry. However, the import of the question was evident—particularly when taken in connection with appellee's cross-examination. He was then asked whether this was the first time he had ever been arrested and, when the question was objected to, appellant's counsel stated, in effect, that his purpose was to compel appellee to admit that he "had been arrested at sundry other times." The trial judge sustained an objection to the question as put but indicated that counsel could ask appellee "whether or not he was convicted at other times." No exception

was taken to that ruling and the inquiry with respect to previous convictions was not made.

By reason of the failure of counsel for appellant to follow the ruling now complained of with an offer of what he proposed to prove by the police officer, the record does not disclose the kind of offenses it was proposed to show appellee had the reputation of committing. Nor was there any offer to show that appellee's alleged bad reputation existed prior to his arrest upon the criminal charge or that appellant had knowledge of such reputation when he instituted the prosecution. In view of the generality of the question and the absence of a statement, upon the record, of what counsel proposed to prove by the witness we would be justified in dismissing the assignments without further comment. But, as appellant's counsel asserts in his brief that he was prepared to show "that the reputation of the appellee was bad, both before and after the prosecution," we shall assume that the police officer, if the objection had not been sustained, would have testified that appellee's reputation "for being a lawful and good law abiding citizen" was bad.

The offense with which appellee was charged was a form of larceny and it is contended that appellant was entitled to show such reputation in support of his claim that he had probable cause for making the charge, or at least in mitigation of damages. As actions for malicious prosecution have some characteristics differentiating them from those for slander and libel, the rules of evidence, upon the point here involved, applicable to the latter may not always be applied with equal force to the former. We have many examples in our own authorities of the limitations under which the reputation of a plaintiff in an action for slander or libel may be attacked, but there does not seem to be any recent decision relative to the right of a defendant in an action for malicious prosecution to introduce evidence of the plaintiff's bad reputation.

In Winebiddle v. Porterfield, 9 Pa. 137, where it was proposed to show that the general reputation of the plaintiff was bad subsequent to the making of the criminal charge, the Supreme Court distinguished between admitting such evidence to rebut proof of want of probable cause and receiving it in mitigation of damages. The evidence was held incompetent upon the question of probable cause "because, in the first place, that which existed after the information, and not before, could not have afforded any evidence to the mind of the prosecutor of the existence of probable cause; and second, because this bad character might have been occasioned, in a great part at least, by the very accusation and incarceration of which the plaintiff below complained," but it was stated that "the defendant, in an action like the present, may perhaps show, for the purpose of mitigating the damages, and for no other purpose, that the character of the plaintiff was bad after the prosecution, on subjects unconnected with the charge made by the defendant."

The rule deducible from the weight of authority in other jurisdictions may be thus stated: "Evidence of plaintiff's bad character or reputation at the time when the proceedings complained of were instituted, known to defendant, is generally held admissible for the purpose of showing probable cause and disproving malice. Nevertheless, the reputation of plaintiff sought to be shown must be bad in respect to such matters as naturally would be calculated to affect the probability of plaintiff's having committed the crime with which he was charged ...... Evidence of plaintiff's general bad character is also admissible in mitigation of damages, where a recovery is sought for injury to character or reputation, since he thereby puts his character in issue. ...... In any event, on the question of damages, the general bad reputation of plaintiff sought to be shown, if admissible, must be bad in the same respect in which his reputation was, or other-

wise would have been, injured by the malicious prosecution": C. J. 38, sections 160, 161.

"On the same reasoning which permits the plaintiff to show that because of his character and standing in the community it was improbable that he would commit crime, it is generally held that the defendant may subject the plaintiff's reputation to attack to show the opposite, and that evidence of the bad reputation of the plaintiff before the charge was preferred against him is admissible, if known to the defendant": 18 R. C. L., section 36, p. 56.

Under practically all the authorities, the question in the case at bar was, we think, entirely too general to bring it within the rule. The reputation which may be shown must be one that is bad in respect to the issue involved in the particular case; here, for instance, a generally bad reputation with respect to honesty and integrity rather than as to sobriety or peace and good order. Moreover, upon the question of probable cause, it must be shown that such reputation was known to the defendant at the time he made the criminal charge against the plaintiff. In the absence of an offer bringing the proposed testimony within the rule, the trial judge committed no error in sustaining the objection to the question as put in behalf of appellant, and the assignments are therefore overruled.

Judgment affirmed.