WARNER v. SHARP.

No. 29204.   April 16, 1940.

*101 P. 2d 621.*

Bower Broaddus and Julian B. Fite, both of Muskogee, plaintiff in error.

Mont T. Sharp, of Muskogee, defendant in error.

DAVISON, J. The defendant in error, as plaintiff, commenced this action to recover damages against the plaintiff in error, as defendant, for injuries he is alleged to have suffered by reason of a temporary or abatable nuisance consisting of certain alleged unsanitary conditions upon the property of the latter.

Both properties consist of city lots in the city of Muskogee with dwellings upon them. The plaintiff in error's property is immediately west of that of the defendant in error.

The parties will hereinafter be referred to by their trial court designations.

In his pleadings, the plaintiff asserted a claim to three separate and distinct items of actual damage, but only one of these was for an injury to his property. This was for the sum of $300, in which amount he alleged that the usable and rental value of said property had been depreciated. The other two items were $300 for personal inconvenience, annoyance, discomfort, etc., and $510 in which amount he appears to have deemed himself injured by reason of the asserted fact that a tenant who had paid a monthly rental of $30 for a portion of the property had vacated it on June 1, 1934, and he was thereafter unable to secure a satisfactory tenant for that portion until 17 months later, or November 1, 1935. Plaintiff's recovery, as expressed in the terms of the jury's verdict, was for $250, "on the question of property damages."

The first three propositions formulated in the defendant's brief are directed at the alleged insufficiency of the evidence to support a cause of action in favor of the plaintiff and the alleged error of the trial court in overruling the defendant's demurrer to the plaintiff's evidence.

An examination of the record reveals that after the defendant's said demurrer had been overruled, the defendant testified as his own witness and thereafter allowed the evidence as a whole to be submitted to the jury without moving for a direction of the verdict in his favor or in any other manner renewing his demurrer. He thus waived his previous challenge to the sufficiency of the plaintiff's evidence and there is now no alleged error concerning the sufficiency of the evidence properly before this court for review. See Roger Mills County Cooperative Ass'n of America v. Neice, 184 Okla. 48, 84 P. 2d 621, and Hunt Battery Mfg. Co. v. Stovall, 183 Okla. 242, 80 P. 2d 623.

The defendant's other propositions deal with the trial court's alleged misdirection of the jury. In order to comprehensively discuss them, it is necessary to notice additional facts concerning the controversy and to relate some of the evidence adduced at the trial.

The dwelling upon the plaintiff's property contains living quarters for two families in two separate six-room apartments and is of the type that has come to be commonly known and referred to as a "duplex."· It was purchased by the plaintiff in March, 1934, and on the 1st of May, following his purchase, he moved into the apartment in the north side of the duplex. The apartment in the south side of the house was at that time occupied by one J. M. Bedgood. Bedgood vacated the dwelling on June 1, 1934, and at the trial testified that his reason for so doing was the unsanitary condition of the defendant's property. The south apartment then remained vacant for a period of seventeen months before it was again rented. In 1936, the plaintiff also moved to another address after having occupied the north apartment for approximately 27 months.

In his argument concerning the allegedly erroneous instructions given by the court the defendant first complains of instruction No. 9, which allowed the jury to consider the matter of depreciation in the rental and usable value of

the plaintiff's property in assessing his damages. The complaint against said instruction is not that it states the incorrect measure of damages or that it is incorrectly worded but that its promulgation in the present case is erroneous because it is inapplicable to the evidence. As a basis for this contention, it is asserted that the record contains no evidence of the amount the usable and rental value of the plaintiff's property depreciated by reason of the nuisance on the defendant's property. With this assertion we cannot agree. By the testimony of Mr. Bedgood, the plaintiff established that when the latter vacated one of the apartments on account of the condition of the defendant's property, he was paying a rental of $30 per month for same. The real estate dealer, Jackson, testified that this was a reasonable monthly rental for such an apartment. The plaintiff, himself, testified, in substance, that following Bedgood's removal and during the continuance of the unsanitary conditions, the best monthly rental obtainable for the apartment was $20. In view of this evidence and the undisputed testimony of Jackson and one Mr. King (the other real estate dealer who testified) that conditions such as existed upon the defendant's property would have a detrimental effect upon the rental value of property adjoining it, we cannot say that the record is wholly without evidence upon the question of depreciation. We are not called upon to determine whether such evidence was sufficient to affirmatively establish that there had been a depreciation in the usable and rental value of the plaintiff's property, since, as we have seen, there is no question of the adequacy or sufficiency of any of the evidence now before us for determination. The issue of depreciation was first raised by the pleadings and was continued as an issue in the cause by the introduction of evidence, which no one could say was wholly irrelevant to the question. Under such circumstances, an instruction concerning the matter cannot be said to be without application to the cause.

The two remaining propositions formulated in the defendant's brief may be considered together, since they both concern instruction No. 10. Under these propositions it is not only contended that said instruction is erroneous in itself, but that by its submission in conjunction with instruction No. 9 the jury was allowed to assess double damages against the defendant. Neither of these contentions, if correct, would furnish sufficient ground for a reversal of the judgment in this case.

By instruction No. 10, the jury was told, with reference to the apartment Bedgood had vacated, that if they found that because of the unsanitary conditions upon the defendant's premises, the plaintiff lost a desirable tenant or was unable to secure one, or was forced to reduce the rent on said property, an additional item of damages, not to exceed the sum of $510, might be assessed against the defendant. The amount of this item of alleged damage was apparently computed by multiplying the $30 monthly rental that Bedgood paid by 17, the number of months that the south apartment remained vacant after his removal.

The defendant contends that the instruction in question gave the jury the prerogative of reimbursing the plaintiff for the total amount of rent of which he was allegedly deprived during the period the apartment was vacant, and that the same is erroneous because "loss of rents" is not the correct measure of plaintiff's damages. If his interpretation of the instruction is correct, we cannot say that its promulgation has probably resulted in any prejudice or detriment to the defendant. Some might consider it obvious from the size and character of the verdict that the jury allowed the plaintiff nothing for the item dealt with in instruction No. 10. Although we are not disposed to adopt such a conclusion, the least that can be said in this connection is that the verdict in its assessment of "property damages" in the sum of $250 does not reflect that the jury granted the

plaintiff an allowance upon any of his alleged items of damage except depreciation in the usable and rental value of his said property. If this item was calculated upon a monthly basis at a very nominal sum for each of the apartments, the total therefor would alone amount to as much as the sum specified in the verdict.

In view of these considerations and the absence of an affirmative showing of prejudice to the defendant by the giving of instruction No. 10, we are impelled to apply the "harmless error" doctrine to this alleged error. For the same reasons, the defendant's contention concerning the detrimental effect he attributes to the promulgation of said instruction in conjunction with instruction No. 9 is not convincing, for there is no indication in this case that the jury has assessed "double damages" against the defendant. In this jurisdiction, it is provided by statute that no judgment shall be set aside by this court on the ground that the trial court misdirected the jury unless it appears that such error has "probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right." Section 3206, O. S. 1931, 22 O. S. A. § 1068. We find neither of these prerequisites for reversal in the case at bar. Consequently, the judgment of the trial court is hereby affirmed.

BAYLESS, C. J., and RILEY, OSBORN, and HURST, JJ., concur.