DRAKOS v. JONES.

No. 30280. Sept. 9, 1941.

Rehearing Denied Nov. 4, 1941.

*118 P. 2d 388.*

594

Chas. L. Yancey, G. C. Spillers, Kavanaugh Bush, and Charles P. Gotwals, Jr., all of Tulsa, for plaintiff in error.

Donald L. Brown, of Tulsa, for defendant in error.

DAVISON, J. The defendant in error, hereinafter referred to as plaintiff, commenced this action to recover damages against the plaintiff in error, hereinafter referred to as defendant, on account of his prosecution in the court of common pleas of Tulsa county upon a criminal charge of having fraudulently obtained the sum of $25 from the defendant by executing and delivering to said defendant a bogus personal check.

The criminal action was commenced by the filing of an information subscribed and sworn to by the defendant, and its trial resulted in a dismissal. In his petition filed herein plaintiff alleged in substance that the defendant procured the institution and prosecution of said action maliciously and without probable cause by misrepresenting or withholding from the county attorney of Tulsa county the true facts concerning his execution and delivery of the check to the defendant.

The defendant denied generally the allegations of plaintiff's petition, and by way of special answer pleaded that the plaintiff had in fact defrauded him as charged in the criminal action and that the information filed therein was issued with the approval of the county attorney after he had fully and fairly disclosed to said official all of the facts in connection with said cause.

At the trial there was no dispute as to the fact that the check involved in the former criminal action against the plaintiff was executed and delivered by him to the defendant. It was admitted that when presented to the bank upon which it was drawn the check was dishonored because plaintiff had no account in said bank. On the basis of evidence consisting principally of the testimony of the two parties to the action and the county attorney of Tulsa county, the controversy was made to hinge upon the character of the transaction of which the check was the only documentary evidence. Upon this issue the testimony of the plaintiff and defendant was in direct conflict. The plaintiff claimed that the check was executed and delivered to the defendant, at the latter's request, merely to evidence a loan of money to him by the defendant with knowledge on the part of said defendant that he had no account with the bank on which the check was drawn. The defendant, on the other hand, testified that the check was just what it purported to be and was accepted by him in return for cash he delivered to the plaintiff upon the latter's false representation that it would be honored by the drawee bank. It also appears from the evidence that before the institution of the criminal action both the plaintiff and defendant related their conflicting versions of the transaction to the county attorney, who did not approve of filing said action until after he had confronted the defendant with plaintiff's version and had been reassured by him that the check was not given to evidence a loan as the plaintiff claimed.

During the trial the court overruled a demurrer interposed by the defendant to plaintiff's evidence, and after both parties had rested, denied the defendant's request for a directed verdict. Upon submission of the cause to the jury under instructions, to some of which the defendant objected, a verdict

was returned in favor of the plaintiff for the sum of $400, and judgment was entered accordingly. Thereafter, the defendant filed two separate and consecutive motions for a new trial, the latter being based upon the ground of newly discovered evidence. After the trial court entered its order overruling both of these motions, the defendant perfected this appeal.

In seeking to demonstrate that the trial court erred in overruling his demurrer to plaintiff's evidence and refusing to direct a verdict in his favor, the defendant first contends that the evidence wholly fails to establish that he acted maliciously and without probable cause in swearing to the information charging the plaintiff with having defrauded him by means of the $25 check. He makes no claim that the evidence establishes plaintiff's guilt of this charge, but points out that the existence of probable cause is not necessarily dependent upon such proof, and centers his argument upon the question of whether or not he was shown to have been without just cause for a reasonable belief in plaintiff's guilt. The defendant's contention that this question can correctly be answered only in the negative is based upon the hypothesis that, according to the proof, the criminal charge was filed against the plaintiff only after the material facts bearing upon his guilt or innocence of said charge had been disclosed to the county attorney of Tulsa county, and said official had approved such action. Ordinarily, one who institutes legal proceedings against another in good faith and upon the advice of a licensed attorney after a full and truthful disclosure of the material facts, within his knowledge or reasonably obtainable, concerning the controversy involved, may be said to have probable cause for so acting. Williams v. Frey, 182 Okla. 556, 78 P. 2d 1052; Empire Oil & Refining Co. v. Cambron, 172 Okla. 202, 44 P. 2d 972; Bryan v. Lee, 123 Okla. 22, 252 P. 2; Mayer v. Goodman, 94 Okla. 12, 220 P. 656; El Reno Gas & Electric Co. v. Spurgeon, 30 Okla. 88, 118 P. 397. It is well settled, however, that if in his state-ments to the attorney said informer misrepresents or conceals such facts the doctrine does not apply and he cannot rely upon the attorney's advice to establish probable cause for his action. See Williams v. Frey, supra; General Motors Acceptance Corporation v. Davis, 151 Okla. 255, 7 P. 2d 157; Empire Gas & Fuel Co. v. Wainscott, 91 Okla. 66, 216 P. 141; Nelson v. Peterman, 119 Okla. 125, 249 P. 333; Allison v. Bryan, 50 Okla. 677, 151 P. 610. In the present case there was ample evidence in the proof of the dismissal of the criminal action against the plaintiff and in plaintiff's testimony to support the conclusion that in representing to the county attorney that plaintiff's $25 check had been given him as a check rather than as a note or evidence of a loan, the defendant misrepresented the facts upon which the plaintiff's culpability on a bogus check charge depended. Throughout the defendant's argument there appears the suggestion that the fact that the county attorney had obtained the plaintiff's, as well as the defendant's, version of the transaction before approving of the filing of the criminal action, is a material one to be considered in determining the issue. This case, however, should not be confused with those in which the attorney's advice is given the prosecutor or instigator of the litigation upon the basis of facts within the personal knowledge of the attorney or ascertained through his own independent investigation. In this connection, see Youmans v. Berkner, 167 Minn. 67, 208 N. W. 530; Illinois Central Railroad Co. v. Anderson, 206 Ky. 600, 268 S. W. 311; Ryan v. Orient Ins. Co., 96 Vt. 291, 119 A. 423; Restatement of the Law of Torts, sec. 653, par. b, p. 384, and comment on pages 386 and 387. On the basis of the evidence presented herein, there is no substantial ground for doubting that the county attorney relied solely upon the defendant's veracity in his authorization of plaintiff's prosecution. In this connection consider American Surety Co. v. Pryor, 211 Ala. 114, 99 So. 636. While it is true, as hereinbefore noted, that before thus acting, the public prosecutor summoned the plaintiff to his office and

obtained his version of the transaction, the undisputed evidence also shows that when the defendant thereafter reassured him that the check had not been given to evidence a loan as the plaintiff had told said attorney, the latter thereupon and without further investigation issued a warrant for the arrest of the plaintiff on the bogus check charge. In view of the foregoing, the argument advanced in support of the defendant's first proposition is without merit.

It is also contended that the 14th in the list of instructions given the jury was erroneous. It is said that by said instruction the court left to be determined by the jury the issue of whether or not the defendant had probable cause for instigating the plaintiff's allegedly malicious prosecution and it is pointed out that the existence of probable cause is always a question of law for the court to decide. It appears that in the allegedly erroneous instruction the jury was first told in substance that the facts relied upon to furnish probable cause for a prosecution must be such as would lead a man of ordinary caution and prudence to believe and entertain an honest and strong suspicion that the person prosecuted was guilty of the offense with which he was charged. The instruction then stated that "whether the facts known to the defendant, Drakos, at the time he went to the county attorney's office, were such as to lead him, as a man of ordinary caution and prudence, to believe and entertain an honest and strong suspicion that plaintiff was guilty of defrauding him, by means of a bogus check, is submitted to the jury to be decided as a question of fact on the issue as to whether there was or was not probable cause for Drakos' act." It will thus be seen that the court neither made the jury's finding under this instruction conclusive as to the existence of probable cause nor submitted said issue to it for exclusive determination as an unmixed question of fact. Of course the usual and most frequently approved method of determining the issue of probable cause, where there is a conflict in the evidence

concerning it, is for the court to charge the jury under what combination or combinations of circumstances that may be found under the evidence the defendant did or did not have probable cause for initiating the proceedings. Hopkins v. Stites, 70 Okla. 177, 173 P. 449; Dunnington v. Loeser, 48 Okla. 636, 150 P. 874; Ball v. Rawles, 93 Cal. 222, 28 P. 937, 27 Am. St. Rep. 174; Restatement of the Law of Torts, chap. 29, sec. 673, p. 437; sec. 672, p. 433, 434; sec. 666, p. 420. This in effect was what was done in the present case by the third instruction given. Consequently, though we do not view the instruction complained of as a model to be followed in cases like the present one, yet, as it does not expressly purport to accomplish the pernicious result attributed to it by counsel, and it does not appear probable, in view of other instructions given, that its issuance resulted in a miscarriage of justice, or constituted a violation of any of the defendant's constitutional or statutory rights, its defects, whatever they may be, do not constitute ground for reversal. Warner v. Sharp, 187 Okla. 106, 101 P. 2d 621; sec. 3206, O. S. 1931, 22 Okla. St. Ann. § 1068.

The defendant also asserts that the trial court erred in refusing to allow the introduction of various bits of testimony during the trial and in overruling the motion he filed for a new trial on the ground of similar evidence he claims to have secured after the trial. By such evidence his counsel say they could have established that the check in question was not the only bogus check the plaintiff had ever given and that upon other occasions the plaintiff had given such checks at other places of business in Tulsa, besides the one which the defendant operated. Such evidence was clearly inadmissible and would not have tended to prove or disprove any of the issues in the present case. The defendant's allegation of error in this connection is based upon the claim that the evidence in question would have shown that the plaintiff made a practice of passing bogus checks. While proof that the plaintiff in an action for malicious

prosecution has a bad reputation in the community in which he lives is often admitted in mitigation of claimed damages to his reputation (Ginsberg v. Murphy, 22 Ala. App. 438, 116 So. 509; Laney v. Mehlman, 99 Pa. Super. 188; Martin v. Corscadden, 34 Mont. 308, 86 P. 33; Boyers v. Lindhorst, 280 Mo. 5, 216 S. W. 536; 20 Am. Jur. 301; 38 C. J. 483, 484), yet it is well settled that such a fact cannot be established by evidence of particular acts. Martin v. Corscadden, supra; McKelvey on Evidence (4th Ed.) p. 221; 38 C. J. 484; 20 Am. Jur. 306. Counsel for the defendant say that the trial court erred in refusing to allow them to interrogate the plaintiff, at one point in his cross-examination, upon the subject of his previous conduct with respect to writing "hot" checks, because they did this, not only to establish his reputation for writing such checks, but to lay a foundation for impeaching him. As we have seen that evidence upon this subject was not material or relevant to the issues of the case, it is clear that the trial court committed no error in refusing to allow plaintiff to be interrogated concerning it for the purpose of impeaching him. Hunt v. Jones, 98 Okla. 99, 224 P. 354; Webb v. Burnam, 111 Okla. 248, 239 P. 653; Klein v. Muhlhausen, 83 Okla. 21, 200 P. 436; Yoder v. United States, 71 Fed. 2d 85; and see Boxer v. Kirkwood, 119 Kan. 735, 241 P. 451; 70 C. J. 1163, 1165.

Under the fourth and last proposition urged by the defendant for reversal of the judgment entered herein, it is contended that another reason the demurrer to plaintiff's evidence should have been sustained is that said evidence established no damage to the plaintiff by reason of having been prosecuted on the bogus check charge, and that for the same reason the court erred in directing the jury by its 16th instruction that plaintiff might be awarded damages for such items as injury to his reputation, personal mortification, etc. The defendant's argument overlooks the fact that in cases of the malicious prosecution of criminal proceedings as in actions for defamation, the plaintiff may recover for injuries such as mental or emotional distress and injury to reputation which necessarily result from such wrongful acts without specific proof that same have resulted in such harm. Olson v. Haggerty, 69 Wash. 48, 124 P. 145; State Life Ins. Co. of Indianapolis, Ind., et al. v. Hardy, 189 Miss. 266, 195 So. 708; Grorud v. Lossl, 48 Mont. 274, 136 P. 1069; Barnes v. Culver, 192 Ky. 10, 232 S. W. 39; Hawkins v. Collins, 5 Ala. App. 522, 59 So. 694; 34 Am. Jur. 792; Restatement of the Law of Torts, sec. 670, p. 429; McCormick on Damages, chap. 14, pp. 382, 383. Nor do we think the verdict rendered herein is excessive as suggested by defense counsel.

As we have found no cause for reversal in any of the alleged errors relied upon by the defendant, the judgment of the trial court is hereby affirmed, and judgment is hereby rendered against the sureties on the defendant's supersedeas bond as requested by the plaintiff.

WELCH, C. J., and OSBORN, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. CORN, V. C. J., dissents. RILEY, J., absent.