WALKER *et al.* v. HANNEWINCLE.

No. 698.    Opinion Filed July 13, 1909.

(10⁶ (Pac. 585.)

**A𝗣PEAL AND ERROR—Dismissal—Failure to File Briefs.** In each civil cause filed in this court it is the duty of counsel for plaintiff in error, unless otherwise 'ordered by the court, to prepare, serve, and file briefs in the office of the clerk within 40 days after filing the petition in error; and where this is not done, and a motion is filed by counsel for defendant in error to dismiss the petition in error for and on account of this, and no motion or stipulation for extension of time is filed, and the time is not extended, the motion to dismiss will be sustained.   ·

(Syllabus by the Court.)

*Error from District Court, Logan County; A. H. Huston, Judge.*

Action between Thomas O. and Jennie Walker and Edwin Hannewincle. From the judgment, Thomas O. and Jennie Walker bring error. Dismissed.

*Devereux & Hildreth,* for plaintiffs in error.
*John Adams,* for defendant in error.

DUNN, J. On March 2, 1909, a petition in error was filed in the office of the clerk of this court in the above-entitled cause, and on the same day summons in error was issued, which shows service to have been made on March 4, 1909. June 1, 1909, there was filed in the office of the clerk of this court a motion to dismiss the petition in error filed herein, for the reason that the plaintiffs in error had failed to comply with rule 7 (20 Okla. viii, 95 Pac. vi), of the rules for the Supreme Court, which requires:

"In each civil cause filed in this court, counsel for plaintiff in error, shall, unless otherwise ordered by the court, serve his brief on counsel for defendant in error within forty days after filing his petition in error, and shall at the same time file fifteen copies of said brief with the clerk of the Supreme Court. And the defendant in error shall, unless otherwise directed by the court have thirty days after service on him of plaintiff in error's brief, in

which to serve and file his answer briefs. Proof of service of briefs must be filed with the clerk of this court within ten days after service. In case of failure to comply with the requirements of this rule, the court may continue or dismiss the cause, or reverse or affirm the judgment."

The record in the case shows that no motion or stipulation for extension of time for the filing of briefs has been made or filed, nor has there been any order of the court made for extending time for preparation, service, and filing of briefs on the part of plaintiffs in error. While it is not the policy of this court in any case or in any manner, by its rules or otherwise, to place obstructions in the way of hearing causes upon their merits, or to dismiss cases on account of technical failure to comply strictly with the rules relating to filing of briefs, where such failure will not effect a delay in the submission or decision of a case, yet in this instance sufficient time has expired since the filing of this motion to afford ample opportunity for counsel for plaintiffs in error to have presented a motion for an extension of time, if it was desired. This not having been done, no course is open except to sustain the motion filed.

The petition is accordingly dismissed.

All the Justices concur.