## HAPGOOD v. VICKERY.

No. 12015—Opinion Filed July 24, 1923.

(Syllabus.)

1. **Appeal and Error—Questions of Fact—Verdict.**

In a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

2. **Same—Action for Damages to Automobile by Collision.**

Record examined, and held, that the evidence is sufficient to support the verdict of the jury.

3. **Appeal and Error—Necessity for Exceptions—Review of Instructions.**

In order to bring up for review in this court the instructions of the trial court, exceptions thereto must be saved in the manner prescribed by statute, and the error in giving the same must be assigned in a motion for new trial and in a petition in error.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by L. A. Vickery against C. M. Hapgood. From a judgment for plaintiff, defendant brings error. Affirmed.

Pruiett, Sniggs, Patterson & Morris, for plaintiff in error.

Robert Burns, for defendant in error.

MASON, J. This action was begun in the district court of Oklahoma county, Ok-

la., on the 3rd day of April, 1920, by the defendant in error, hereinafter called the plaintiff, filing his petition against the plaintiff in error, hereinafter called the defendant, alleging that the plaintiff was the owner of a certain seven-passenger Case automobile, on the 3rd day of April, 1920, and that, on the evening of said date, Tom Bosely, an employe, was driving said automobile in a northerly direction on Shartel avenue, Oklahoma City, and when nearing the intersection of Shartel avenue, and Seventh street, the defendant approached said crossing from the east in a Hudson sedan, driving at a very reckless, negligent, and dangerous rate of speed of about 25 or 30 miles an hour, and, without sounding any warning, struck the plaintiff's car with great force, completely overturning the same and doing great injury thereto, such as crushing and crumpling the fenders, bending and springing the axles, demolishing the top, breaking the wind shield, springing and bending the wheels to the damage of the plaintiff in the sum of $350; that the damage was caused solely by the negligent and reckless driving of said defendant, and without any fault on the plaintiff's part; that plaintiff's servant, Tom Boseley, in driving said automobile, was the first to approach the intersection of said street and had the right of way over defendant's car.

The defendant filed a general denial, and for further answer alleged that he was driving said Hudson sedan at the time of the accident alleged in the plaintiff's petition in an orderly and lawful manner at the rate of about ten miles per hour, and upon arriving at the intersection of Shartel avenue and Seventh street, plaintiff's car approached from the south along said Shartel avenue at a rate of about 25 miles per hour, and as it approached the automobile the defendant was driving, the driver of the same attempted to turn in a northwesterly direction and pass the automobile of the defendant, when the left back wheel of the plaintiff's automobile hit and crushed into the bumper and front part of said Hudson sedan.

Defendant further alleges that if the plaintiff suffered any damage to his automobile, it was occasioned by the negligence or carelessness of the person driving the automobile, and through no fault or act of the defendant. For reply to the defendant's answer, the plaintiff filed his general denial.

Upon these issues, the cause proceeded to trial on July 1, 1920, before a jury, and a verdict was rendered by the jury in the

sum of $350 in favor of the plaintiff. Motion for new trial was filed, which was overruled and judgment rendered upon the verdict in the sum of $350, together with the costs of the action, and the defendant brings this case regularly upon appeal to this court.

For reversal, counsel for plaintiff in error contended that the verdict of the jury was contrary to the law and the evidence, and therefore the motion for new trial should have been sustained.

The record in this case discloses that no demurrer or motion was filed by the defendant challenging the sufficiency of plaintiff's petition; that no demurrer to the plaintiff's evidence or motion for a directed verdict for defendant was made at the conclusion of plaintiff's evidence, and that no objections were interposed by counsel for defendant to any of the testimony of the witnesses produced by the plaintiff.

The record further discloses that, after both the plaintiff and the defendant rested their case, the court instructed the jury, and that the defendant did not except to any of the instructions so given, nor did he request the court to give any instructions.

After the jury returned a verdict for the plaintiff, defendant filed his motion for new trial, which was overruled, to which the defendant then entered the only exception that we have been able to find in the record. Under these circumstances, we are of the opinion that the only question presented to the trial court in the motion for new trial, and the only question presented here for reversal is whether or not the evidence was sufficient to sustain the verdict of the jury and the judgment of the trial court thereon. There is evidence tending to support the verdict and the same does not seem to be contrary to law. The evidence of the plaintiff tended to show negligence on the part of the defendant which was responsible for the accident; while the evidence of the defendant was to the effect that there was no negligence on his part, but that the plaintiff's own negligence was responsible for the accident. This was an issue of fact that was properly submitted to the jury, and its findings, being supported by the evidence and the law, are binding on this appeal.

The rule is well established in this state that:

"In a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal." Lawton Refining Co. v. Hollister, 86 Okla. 13, 205 Pac. 506; People's National Bank of Kingfisher v. Rickords, 85 Okla. 9, 204 Pac. 130; Harn v. Smith et al., 85 Okla. 137, 204 Pac. 642; Sand Springs Railway Co. v. Smith, 84 Okla. 211, 203 Pac. 207; Norris v. Hibler, 83 Okla. 197, 201 Pac. 495; Neary et al. v. Etenburn et al. 87 Okla. 259, 209 Pac. 649.

Counsel for plaintiff in error also contend in their brief that the court erred in giving instruction No. 4. The record, however, fails to disclose that any proper exception was saved to the giving of said instruction by the court, as required by section 542, Comp. Okla. Stat. 1921. Neither does the record disclose that the giving of said instruction was assigned by the defendant as one of the grounds in his motion for new trial, nor was it assigned as one of the specifications of error in the petition in error.

This court in a long line of decisions has adopted a rule as announced in the second paragraph of the syllabus of the case of Kinney v. Williams, 66 Okla. 167, 168 Pac. 196, which is as follows:

"In order to bring up for review to this court the instructions of the court, exceptions thereto must be saved in the manner prescribed by statute, and the error in giving the same must be assigned in the motion for new trial and in the petition in error."

No reversible error having been properly presented to this court, the judgment of the trial court is affirmed.

JOHNSON, C. J., McNEILL, V. C. J., and KENNAMER, KANE, NICHOLSON, BRANSON, COCHRAN, and HARRISON, JJ., concur.