## OLIVER v. KELLY et al.

No. 19892. Opinion Filed Dec. 20, 1932.

Rehearing Denied Feb. 14, 1933.

John J. Carney and Walter E. Latimer, for plaintiff in error.

E. C. Wilcox, J. Howard Wilcox. Lydick, McPherren & Jordan, and Lydick & Brett, for defendants in error.

McNEILL, J. This is an appeal from a motion to vacate a judgment entered on April 8, 1926. On November 6, 1925, Lucille Kelly instituted an action in the district court of Alfalfa county against Rachel Oliver, Inez Lindley. Vivian Slane, James Irvin, and Oswald Thieme, trustee. The petition alleged that the plaintiff and the defendants Inez Lindley, Vivian Slane, and James Irvin were the owners of a certain tract of land; that Rachel Oliver was in possession of the same by reason of a deed which she had received from Oswald Thieme, trustee, for said Lucille Kelly, and the aforesaid Rachel Oliver, Inez Lindley, Vivian Slane, and James Irvin; that the said Oswald Thieme had received a trustee deed for the use and benefit of said parties, and that the said Rachel Oliver wrongfully kept them out of possession, and plaintiff prayed for a determination of title, partition, rents and profits, and general relief. It appears that the defendant Rachel Oliver prosecuted an appeal to this court, reported in the case of Oliver v. Kelly, 129 Okla. 121, 263 P. 649, from a judgment which is now attempted to be attacked by said motion to vacate. That case was dismissed on the ground of failure to give notice of appeal in open court either at rendition of judgment or within 10 days thereafter, as prescribed by section 782, C. O. S. 1921 [O. S. 1931, sec. 531].

In this case it appears that service of summons by publication was made upon three of the defendants, to wit: Rachel Oliver. Vivian Slane, and James Irvin. The defendant Rachel Oliver contends that the service of summons was void by reason of certain irregularities which were presented by a motion entitled "Special Appearance and Motion to Quash." It was urged that the publication was based upon an affidavit made by one of the attorneys in the case, subscribed and sworn to before Myrtle Youngberg, who also appeared of record as one of the attorneys in the case, and also that the publication notice was filed on November 6, 1925, while the affidavit on which it was based was sworn to on October 28, 1925. The motion came on for hearing on January 29, 1926, and the same was overruled by the court in the absence of counsel for the defendant, the court saving and allowing to said defendants an exception and ordering that defendants plead to plaintiff's petition within 20 days thereafter. On February 17, 1926, counsel for the defendants Rachel Oliver, Vivian Slane, and James Irvin filed a motion to strike from the files the affidavit for service by publication, the affidavit of mailing of notice by publication, and copy of the petition and the affidavit of publication, for the reason that the affidavit for service by publication was subscribed and sworn to before one of the attorneys of record in the case. On April 2, 1926, the court heard the motion of the defendants to strike, the plaintiff appearing by E. C. Wilcox, her attorney, and the defendants appearing not in person nor by counsel. The court permitted plaintiff to amend the affidavit filed for service by publication by attaching thereto an affidavit that the same was true at the commencement of the action, and permitted the name of Myrtle Youngberg to be stricken from the petition where the same appeared to have been signed by inadvertence. The affidavit was reverified. The court also found at said hearing that defendants' counsel had been notified that said motion would be heard on April 2, 1926, at 10 a. m., or as soon thereafter as counsel could be heard. The court overruled the motion to strike.

Plaintiff then presented her motion for judgment on the pleadings which had been filed on April 1, 1926. The court continued the hearing on said motion until April 8, 1926, and made the further order that defendants have five days from said date (April 2, 1926) to file answer to plaintiff's petition, and that if said answer was not filed within said time default would be declared. and allowed exceptions to said rulings to defendants. On April 8, 1926, the defendants being in default, the plaintiff demanded a trial and introduced evidence in support of her cause of action. The court rendered judgment in favor of plain-

tiff, finding that the plaintiff and the defendants, to wit; Inez Lindley, Vivian Slane, and James Irvin, were the owners of an undivided one-fourth interest in said real estate and entitled to the possession of same as against the defendant Rachel Oliver, and ordered the same partitioned subject to a certain mortgage appearing of record.

The defendants Rachel Oliver, Vivian Slane, and James Irvin, on April 11, 1926, filed a motion to set aside and vacate said judgment. We are not concerned with the controversy in reference to the date of this filing. It appears that it was received by the court clerk on April 11, 1926, through the United States mail and received at his home. The delay in the actual filing was due to the court clerk being confined to his home on account of sickness. The court ordered the same filed as of the date it was received by the court clerk. When said defendants appealed from said judgment of April 8, 1926, as reported in 129 Okla. 121, 263 P. 649, supra, no supersedeas bond was filed, and while said appeal was pending the land was sold under order of court, which sale was confirmed by the court. Said defendants having filed objection to said confirmation, reiterating substantially the same grounds presented in their motion to quash, their motion to vacate said judgment and the amendment thereto, which amendment to the motion to vacate set forth that defendant had a good and valid defense and desired to file her answer and obtain a hearing on the merits: also that her attorney would have filed said answer on her behalf, had he not been laboring under a misapprehension as to when the court would be in session. No appeal was taken from the order of confirmation. The notice of appeal which was filed in said cause on May 14, 1928, is from the judgment entered on May 5, 1928, overruling of the motion to vacate said judgment of April 8, 1926, and the amendment filed thereto setting up an additional ground and a request for permission by the defendant Rachel Oliver to file answer and defend on the merits. It is from the overruling of this motion that defendant has appealed.

There was no error in permitting the amendment to be made in reference to the service by publication. The service was not void, but was subject to amendment. City Nat. Bank v. Sparks, 50 Okla. 648, 151 P. 225; Chaplin v. First Bank of Hitchcock, 72 Okla. 293, 181 P. 297; Shanholtzer v. Thompson, 24 Okla. 298, 103 P. 585; Sweringen v. Howser, 37 Kan. 126, 14 P. 436; Dorian v. Dorian, 101 Okla. 9, 222 P. 676.

The motion to vacate said judgment and

amendment thereto constituted a general appearance. We consider that there was no error in overruling the motion to vacate. Motion to confirm the sale was made on February 3, 1927; no notice of appeal was filed thereafter unless it be notice of appeal, supra, filed on May 14, 1928, which makes no reference to said order overruling the objections to the confirmation to said sale, but refers solely to the judgment in overruling the vacating of said motion of April 8, 1926, which was made on May 5, 1928.

The defendant in error Lucille Kelly has filed in this court a confession of error. Ordinarily, upon appeal, when a defendant in error confesses error and cites authority in support thereof and a review of the record reasonably supports such a confession, the judgment of the trial court will be reversed and the cause remanded. See Warrior v. Savery, 145 Okla. 92, 291 P. 966. However, in this case, objection has been made by the purchaser of the land and counsel for said defendant in error to the granting of said confession in error. In this case, the court has considered the entire record and would not be justified in reversing the judgment of the trial court on this record. The confession of error is denied and the judgment of the trial court is affirmed. We consider it unnecessary to discuss the intervener's petition concerning an attorney's lien for services.

Judgment affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, and CROMWELL, JJ., concur. KORNEGAY, J., dissents. ANDREWS, J., absent. SWINDALL, J., disqualified and not participating.

KORNEGAY, J. (dissenting). This cause originated in the district court of Alfalfa county, Honorable Charles Swindall being the presiding judge.

A daughter, Lucille Kelly, formerly Irvin, sued her mother, Rachel Oliver, in ejectment, to recover the northwest quarter of section 34, township 29, range 11 west, located in Alfalfa county. The chain of title relied on was a warranty deed made on April 17, 1912, by Hulda D. Beeman and A. C. Beeman, in trust for Inez Irvin, Lucille Irvin, Vivian Slane, and James Irvin, Jr. The deed was made subject to all incumbrances of record, and especially a mortgage in favor of J. H. Buzzard, due April 1, 1917, with interest at 6 per cent., which the grantee, Oswald Thieme, by a clause in the deed, assumed, the language of the deed being:

"* * * which said mortgage party of

second part assumes and agrees to pay as a part of the consideration herein named."

Power to sell 80 acres to pay off this mortgage, with a division of the surplus to go to the parties for whom he held the land in trust, and power to rent and apply the proceeds to taxes and interest and "maintenance of the above-named children" was specially given. It was averred that the trustee had taken possession and "undertook to transfer said property to the defendant, Rachel Oliver, who since came into possession of said premises and has continued to occupy same, collect the rents, issues and profits therefrom, and appropriate the same to her own use." It was stated that all the beneficiaries had reached their majority.

The original petition appears in the files here, being filed July 7, 1931, as exhibit "A." On the back appears in print, "E. C. Wilcox, Attorney at Law, Anthony, Kansas." In ink are the words "Lien claimed," "Ent." It appears to have been filed in the lower court November 6, 1925. Evidently the original petition was filed here, owing to the contention arising between Mr. Wilcox, the original attorney, and his client, Lucille Kelly, over her right to confess error, in the proceedings in error instituted by Rachel Oliver in this case, No. 19892.

The record shows a confession filed here June 22, 1931, as follows:

"Comes now Lucille Kelly, and respectfully represents and shows to the court that she is the only defendant in error now having any interest in this controversy; that all of the other defendants in error have heretofore disclaimed any interest in the subject-matter of this action and have no such interest at the present time.

"That this defendant in error hereby confesses that the trial court erred in all of the matters and things set forth in the motion for new trial and the petition in error and requests that the various judgments and orders rendered and made in this cause by the district court of Alfalfa county, Oklahoma, be remanded to the said district court for further proceedings in accordance with law.

"(Signed) Lucille Kelly.

"State of Kansas, County of Barber.

"Before me, a notary public, personally appeared Lucille Kelly, one of the defendants in error in above cause, and after reading above confession of error, etc., on oath says the same is true.

"(Signed) Lucille Kelly.

"Subscribed and sworn to before me this the 22nd day of December, 1930. My Commission expires August 1, 1934.

"(Signed) Myrtle Black,
"Notary Public."

The record also shows a petition in intervention of E. C. Wilcox, asking the dismissal of the petition in error filed herein. The interest of the intervening petitioner is based on his claim for attorney's fees and expenses incurred in the prosecution of the case in the lower court, and in a former appeal to this court, which he avers was dismissed. The charge is made that the confession of error was made pursuant to an understanding between Rachel Oliver, the mother of the beneficiaries, and Lucille Kelly, to get the land and the funds paid into the lower court for its sale, and to deprive intervener of the fees already paid, $500, and $100 expenses already paid, and $108 expenses and the remainder of the attorney's fees alleged to be reasonably of the value of $1,000, total attorney's fees. Lien is claimed for the balance.

Copy of the confession of error appears to have been furnished to attorneys, John J. Carney, Oklahoma City, Guy D. Talbot, Cherokee, Okla., Titus & Hall, Cherokee, Okla. Copy of letter of discharge to Lydick & McPherren, attorneys of Oklahoma City, and to E. C. Wilcox and J. Howard Wilcox, Anthony, Kan., and to Lydick & Butts, Oklahoma City. The confession was verified December 22, 1930, and filed here June 22, 1931.

There appears in the files a petition of intervention purporting to be filed by leave granted on June 17, 1930, filed November 21, 1930, by the purchaser of the land, J. W. Shrock, by Titus & Hall, his attorneys. He claims that by reason of his purchase and payment in full of the purchase, pending the appeal, he has an interest to protect as against a settlement between the parties of record, and he adopts the pleadings and briefs of Lucille Kelly as his pleadings and brief, and asks for an affirmance of the judgment of the lower court.

On July 7, 1931, John J. Carney and Walter E. Latimer, as attorneys for Rachel Oliver, filed a motion to strike out the intervention of John Shrock, on the ground that on December 17, 1929, he had conveyed all of the north half of section 34-29-11. Copy of deed is exhibited, which appears to have been acknowledged in Barber county, Kan., and recorded in Alfalfa county, Okla., January 10, 1931.

The case-made, as filed here on November 5, 1928, shows that in the original petition it was claimed that the defendant Rachel

Oliver had kept plaintiff and Inez Lindley, Vivian Slane, and James Irvin, out of possession for more than three years, and $1,000 was asked for damages. The prayer was for construction of the declaration of trust, and that plaintiff have judgment against defendants for possession, and for partition, and setting aside one-fourth to plaintiff, and to Inez Lindley, Vivian Slane, and James Irvin, respectively, after paying expenses and attorney's fees, and that the four beneficiaries have judgment against Rachel Oliver for $1,000 for rents for three years last past, and such additional sum as might accrue to date of rendition of judgment. It was not verified, and was originally signed by E. C. Wilcox, Myrtle Youngberg, and J. Howard Wilcox, attorneys.

On May 5, 1928, motion was heard to set aside the judgment. plaintiff appearing by attorney Wilcox, Rachel Oliver appearing by Guy D. Talbot. Motion was overruled and exceptions taken by Rachel Oliver. The order was to distribute to E. C. Wilcox $118.80, and to Lucille Kelly $65, and to Vivian Slane, $25, and the remainder to parties entitled under previous findings of court.

Case-made was filed here November 5, 1928. Assignments of error are made as follows:

"The plaintiff avers that there was error in the said proceedings, to wit:

"That the court erred in overruling the objections of the plaintiff in error to the confirmation of the said judicial sale.

"That the court erred in overruling the motion of plaintiff in error to set aside the judgment rendered in the said action of the 8th day of April, 1926.

"That the court erred in overruling the motion of plaintiff in error for a new trial."

This is the second time matters involved between these parties have been here. The first time there was nothing done except to dismiss the appeal because the notice of appeal was one day late. See case No. 17856. Oliver v. Kelly, 129 Okla. 121, 263 P. 649, decided July 31, 1928, and also the mandate appearing in the case-made at page 52G. The court announced that the matters complained of were reviewable on transcript, but dismissed the proceedings on account of notice being too late. Evidently the court overlooked that the ten days expired on a Sunday, the 18th, and under the statute the party was in time on the next secular day. See section 3552, C. O. S. 1921 [O. S. 1931, sec. 51]. The court, however, merely dismissed the proceedings in error, leaving nothing decided on the merits

by the appeal. However, there remained on file the application to set aside the judgment, which is now before the court, and which was overruled May, 1928. The object of the law and the rules of procedure require "every man shall have his day in court." Under this record, Mrs. Oliver has not had her day in court. This was, as far as she was concerned, as disclosed by the pleadings, an action in ejectment. She was sued for possession and damages for three years. Our law provides what shall be done in such cases. Section 467, C. O. S. 1921 [O. S. 1931, sec. 592] is as follows:

"467. In actions for the recovery of real property, it shall be necessary for the plaintiff to set forth in detail the facts relied upon to establish his claim, and to attach to his petition copies of all deeds or other evidences of title, as in actions upon written contracts; and he must establish the allegations of his petition, whether answer be filed or not."

Our court decided in Buell v. U-Par-Har-Ha, 60 Okla. 79, 159 P. 507, that default judgment could not be had in an ejectment case. The civil docket in this case shows that a jury was demanded at the threshold, if the entry means what it purports. Our law requires that an ejectment case must be tried by a jury, unless waived. See Maroney v. Tannehill, 90 Okla. 224, 215 P. 938. Section 582, C. O. S. 1921 [O. S. 1931, sec. 395] is as follows:

"582. Time of Trial. Action shall be triable at the first term of court, after or during which the issues therein by the time fixed for pleading are or shall have been made up. When the issues are made up, or when the defendant has failed to plead within the time fixed, the cause shall be placed on the trial docket, and if it be a trial case shall stand for trial at such term ten days after the issues are made up, and shall, in case of default, stand for trial forthwith. When any demurrer shall be adjudged to be frivolous the cause shall stand for hearing or trial in like manner as if an issue of fact had been joined in the first instance."

The only service had on Rachel Oliver was constructive. No summons was, in fact, issued for her. There was sent by mail, according to the affidavit of Mr. Kirkendall, a copy of the petition and first publication. Mr. Morris, an attorney of record in another county, made a special appearance and moved to quash the service. According to the record the publication was based on an affidavit of one attorney of record made before another attorney of record, a notary public in Kansas, eight days before the suit was filed. The publication itself was not calculated to fully inform the parties as to what was in store. The

statute requires that it should state the names of the parties and the court in which the petition is filed, and must notify the person that he has been sued. It also requires that the nature of the judgment sought should be stated. As applied to Mrs. Oliver, the judgment sought was one in ejectment against her in favor of plaintiff, Lucille Kelly, and in favor of her three other children, made defendants. As to what judgment was to be taken against her, the publication notice is silent. As to what parties were plaintiffs or defendants, or from what party the real estate would be recovered for partition thereof, the publication was ambiguous. There does not appear to be any heading to it, showing the parties, or the court wherein pending, that would attract the attention of the casual reader. Under these conditions, the special appearance and motion to quash could not be reasonably pronounced as frivolous. It does not appear that any affidavit was made by the plaintiff, and no reason appears as to why the affidavit for publication service was made by a nonresident attorney. Under Myers v. Purdy, 108 Okla. 147, 234 P. 641, it is very doubtful as to whether the service was sustainable. However, as applied to this case, it is not necessary to decide as to whether the trial court was right in permitting the amendments. It is apparent that the trial court did not give due consideration to the requirements of the statute as to making up the issues, and that the appellant was without notice of its action.

There is nothing in the record to indicate that there was any rule of court prescribing when motions would be heard. Neither is there any indication in the proceedings, until Mr. Talbot came in, that it was recognized by Mr. Wilcox, the attorney of plaintiff below, that motions were to be heard after all parties were notified, if not actually present. Section 855, C. O. S. 1921 [O. S. 1931, sec. 261] reads as follows:

"855. Notice of Motion. Where notice of a motion is required, it must be in writing, and shall state the names of the parties to the action or proceeding in which it is made, the name of the court or judge before whom it is to be made, the place where and the day on which it will be heard, the nature and terms of the order or orders to be applied for; and if affidavits are to be used on the hearing, the notice shall state that fact, and it shall be served a reasonable time before the hearing."

No journal entry appears to have been "oked" by Mr. Morris, the attorney for Mrs. Oliver.

Sec. 579, C. O. S. 1921 [O. S. 1931, sec. 392] reads as follows:

"579. Trial Docket. A trial docket shall be made out by the clerk of court, at least twelve days before the first day of each term of the court, and the actions shall be set for particular days in the order prescribed by the judge of the court, and so arranged that the cases set for each day shall be considered as nearly as may be on that day."

This was, as applied to Mrs. Oliver, an ejectment case, pure and simple, and a clause for damages for detention and statement of its being for trial by jury. Default judgment could not be rendered, and such was the decision of this court long prior to the occurrences in this case. See Buell v. U-Par-Har-Ha, cited above.

Evidently the various motions made by the attorney for the appellant were passed on in his absence and without much opportunity of knowing when they would be called up for disposal. See journal entry of January 29, 1926, overruling his motion to quash, See also the journal entry of April 2, 1929. In that there is a recital that the court is advised of counsel being notified, but there is nothing to indicate that the provisions of section 855, C. O. S. 1921 [O. S. 1931, sec. 261] were complied with. With reference to the motion for judgment on the pleadings, filed on behalf of plaintiff below, there was no effort to comply with section 855. See, also, section 581, C. O. S. 1921 [O. S. 1931, sec. 394], which reads as follows:

"581. Order of Trial of Cases Docketed. The trial of an issue of fact, and the assessment of damages in any case, shall be in the order in which they are placed on the trial docket, unless by the consent of the parties or the order of the court they are continued or placed at the heel of the docket, unless the court, in its discretion, shall otherwise direct. The court may, in its discretion, hear at any time a motion, and may by rule prescribe the time for hearing motions."

Since the submission, there has been filed by Mr. Wilcox, a brief as to a confession of error, and a response by Lucille Kelly.

It is evident from an inspection of the proceedings that the appellant here, Mrs Oliver, has not had a fair trial of her rights. It is the same practically as to those of her children that took an interest in the matter. We are confronted with a peculiar situation here. The daughter, in whose name the proceedings were waged, has filed a confession of error, and requests that a reversal be had of the various judgments. The confession does not appear to accurately and technically describe what is wanted. This is resisted by her former attorney, claiming he is entitled to fees. Also the

purchaser of the land opposes this confession. On the whole, the situation here presented is remarkable. However, I do not feel that the court is called on to decide these matters in detail, as the legal principles underlying this case are clearly set forth above. They require a holding that the action of the lower court, rendering judgment against Mrs. Oliver, was erroneous, and the motion to set aside should be sustained, and as all subsequent proceedings are based thereon, it follows that the proceedings in partition were erroneous and should be set aside. The action of the lower court in rendering the judgment on April 8, 1926, should be set aside and held for naught, and all subsequent proceedings covering the partition of the land and the orders of sale, and orders confirming the same should be set aside and held for naught. The money in the hands of the clerk, derived from the sale, should be ordered restored to the purchaser, after an accounting as herein prescribed, and the sheriff's deed to the purchaser should be set aside and held for naught. It appears that a receiver was appointed to take charge of the property, and, after paying expenses, paid to the clerk of the court the balance of the proceeds and was discharged. It appears that there is some controversy as between Mrs Oliver and her children as to who should recover this, but that, under the terms of the trust deed, the proceeds were applicable to the payment of the taxes and interest on the mortgage and the balance applied to the support of the children. If the taxes or mortgages are still unpaid, the proceeds derived from the receivership should be applied, first, to the payment of taxes, and, second, to the payment on the mortgage on the land. The purchaser of the land should be charged with its rental value for the time he has held it, and be credited with any payments made on the mortgage or for taxes, and the balance, in the hands of the clerk, derived from the funds paid into the registry of the court by the purchaser, should be paid to him, the necessary court costs to ascertain these amounts to be first paid out of this fund. If there be any balance, it should be applied on the payment of any unpaid taxes, and any balance after taxes are satisfied paid on the mortgage. The disbursements made to the attorney and other claimants, out of the funds paid in by the purchaser, should be restored by the recipients and repaid to the clerk of the court below, to be placed in the funds out of which taken, and distributed as before indicated. The lower court should cause possession of the land to be restored to Mrs. Oliver, from whom taken.

For the reasons stated, I file this formal dissent.