## WILHITE et al. v. BRIN.

No. 26840.   Dec. 8, 1936.

J. R. Charlton, for plaintiffs in error.

Chas. W. Pennel, for defendant in error.

PER CURIAM. The parties will be referred to in this opinion as they appeared in the trial court.

The plaintiffs, a partnership, filed suit against the defendant, to recover the sum of $600 alleged to be due to the plaintiffs on a certain lease contract entered into between the parties for the leasing of a store building in the city of Bartlesville, Okla., under the terms of which lease the defendant agreed to pay the plaintiffs for the use and occupancy of said building the sum of $550 as rental each month in advance, and plaintiffs allege that defendant failed to pay the sum of $200 for each of the months of October, November, and December, 1932, but did pay the sum of $350 for each of said months, and plaintiffs prayed judgment in the sum of $600.

To the petition of the plaintiffs the defendant filed her general denial and specifically denied any sum or sums of money to be due to the plaintiffs under said lease, and further alleged a complete accord and satisfaction by the payment of $2,036.57, which

settled any and all claims which the plaintiffs may have had by virtue of the lease. The plaintiffs thereupon filed a reply denying the settlement in full by the payment of $2,036.57, and prayed judgment as in their original petition set forth.

By leave of court the defendant filed an amendment to her answer, alleging in substance that the plaintiffs agreed to reduce the rent from $550 per month to $350 per month, and that the defendant was then indebted to the plaintiffs for arrears in rent in the sum of $1,750, and that as a consideration for the reduction of said rent the defendant secured the plaintiffs by the execution of a mortgage upon her home in the city of Bartlesville, and that after the execution of said note and mortgage the plaintiffs accepted the sum of $350 per month under the contract, and claimed that said contract had been fully performed and executed and that the plaintiffs were not entitled to recover. The evidence in the case was in sharp conflict; however, it appears that on September 25, 1933, the defendant paid to the plaintiffs the sum of $2,036.57 in full satisfaction and settlement of the plaintiffs' claim, and delivered to the plaintiffs a check drawn upon a bank in Bartlesville, which check contained the following indorsement:

"This check is in full settlement of account as shown herein, acceptance by indorsement constitutes receipt in full."

"Settlement in full under lease to Jennie Brin and L. Brin and Company."

This check was received and indorsed by Wilhite & King, the plaintiffs, by Ola Wilhite, one of the partners.

A trial was had upon the issues thus joined before the court and jury, resulting in a judgment in favor of the defendant; the plaintiffs bring this appeal.

The brief of the plaintiffs in error sets out four separate assignments of error as follows:

(1) Error of the court in not sustaining plaintiffs' motion for a new trial.

(2) The verdict is not sustained by sufficient evidence and is contrary to law.

(3) That the court erred in giving the instructions excepted to by the plaintiffs.

(4) That the court erred in not giving the instructions requested by the plaintiffs.

Plaintiffs in error's brief then states that the only question for this court to determine is:

"Did Ola Wilhite agree to reduce the rent on the building occupied by the defendant from $550 per month, or did he simply agree on October 4, 1932, that in order to help the defendant out on her rent he would accept for an indefinite length of time $350 per month in cash and take a demand note from her for $200? These notes to be paid at a later date when times got better."

And thereupon by failing to present and argue the other claimed errors abandons three of the assignments of error and submits this cause upon the sole question above set forth.

The brief of plaintiffs in error contains argument unsupported by authority.

It has been repeatedly held by this court that assignments of error unsupported by argument or citation of authorities in the brief are waived. McKee v. Producers & Refiners Corp., 170 Okla. 559, 41 P. (2d) 466.

This court cannot review the claimed error of the trial court in giving and refusing to give certain instructions, because the plaintiffs in error wholly failed to comply with section 360, O. S. 1931, and preserve proper exceptions. The provisions of section 360, O. S. 1931, are mandatory in their application, and claimed error in giving instructions, not properly excepted to in accordance with the provisions of such statute, will not be examined by this court. Scott v. Scott, 129 Okla. 176, 264 P. 159.

An examination of the record in this case discloses that the plaintiffs did not demur to the evidence of the defendant at the close of the case and did not move for a directed verdict, and the question of the sufficiency of the evidence to support the verdict is not properly presented to this court for review.

"Where the evidence is not challenged by a demurrer thereto or by a request for a directed verdict, this court in a law case will not consider the sufficiency of the evidence." Holland Banking Co. v. Dix, 67 Okla. 228, 170 P. 253; Schumacker v. Clifton, 62 Okla. 249, 162 P. 1094; Beam v. Farmers & Merchants Bank, 104 Okla. 158, 230 P. 881.

The whole controversy in this cause was a question of fact for a jury to determine. The issues were properly submitted to the jury, resulting in a verdict against the plaintiffs; there is ample evidence to support the verdict. This court will not disturb the finding of the jury where there is any evidence reasonably tending to support such verdict. Long v. McWilliams, 11 Okla. 562, 69 P. 882; Young v. Cole, 91 Okla. 113, 216 P. 429; Headding v. Powell, 97 Okla. 118, 222 P. 978; Stonebraker v. Ault, 59 Okla. 189, 158 P. 570; Mid-Co. Gasoline Co. v. Back, 95 Okla. 29, 217 P. 1041.

The brief filed by the plaintiffs in error does not favor the court with the citation of any authority, but contains a plausible but not convincing argument as to why this case should be reversed; but such argument, without the citation of authority to sustain alleged errors, is not sufficient to overcome the presumptions indulged in by this court in favor of the correctness of the judgment of the trial court.

"A plausible but not convincing argument in the brief unsupported by citations of authority is not sufficient to overcome the presumption indulged in by the Supreme Court in favor of the correctness of the judgment of the trial court." Bolds v. Randle, 155 Okla. 178, 8 P. (2d) 720.

This court will not brief cases for litigants, nor will it search the record in order to discover errors, yet it is apparent from an examination of the record that none of the questions raised by the plaintiffs in error in this appeal can be noticed by this court. Proper exceptions were not taken in the trial court, and in addition thereto three of the assignments of error have been abandoned by failure to present and argue them in the brief. The only assignment of error advanced is a question of fact, and such question of fact having been submitted to the jury and the jury having found against the plaintiffs in error, no demurrer to the evidence having been made and no motion for a directed verdict made, this court is precluded from examining into the sufficiency of the evidence to sustain the verdict. In view of this state of the record there is nothing presented for review.

We fail to find any prejudicial error committed by the trial court in the determination of this cause, and the judgment is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys C. F. Dyer, A. L. Zinser, and Eugene S. Champlin in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Dyer and approved by Mr. Zinser and Mr. Champlin, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. RILEY and BUSBY, JJ., absent.