**SHUMAKE, Adm'r, v. HAGGARD.**

No. 28221. May 24, 1938.

Rehearing Denied June 28, 1938.

Robert W. Maupin, for plaintiff in error.

I. L. Harris, Ted R. Elliott, and Dennis Wright, for defendant in error.

GIBSON, J. This action was commenced in the district court of Oklahoma county by Leona Haggard against Elias Shumake, administrator of the estate of Samuel Shumake, deceased, to establish the validity of a claim against said estate theretofore rejected by said administrator.

The petition duly alleges a contractual obligation on the part of the said Samuel Shumake whereby his estate became indebted to claimant for services rendered and necessaries furnished him during a period just preceding his death; that a claim therefor was filed in due time with said administrator and the same disallowed by him, as shown by copy thereof attached. The parties are hereafter referred to in the order of their appearance at the trial.

Verdict was for the plaintiff in the sum of $1,000, and judgment thereon, after re-mittitur ordered, was rendered for the sum of $600; and defendant appeals.

It is charged that the judgment is not sustained by sufficient evidence.

Defendant, however, has not saved that question for review. Although the order of the court overruling demurrer to plaintiff's evidence in chief was duly excepted to, the demurrer was not renewed, nor was a peremptory instruction requested, at the end of all the evidence. Under such circumstances this court will not examine the record to determine whether there is evidence to support the verdict. Remund v. Liberty National Bank, 168 Okla. 580, 35 P.2d 457. The rule there stated is as follows:

"Where the defendant demurs to the evidence in chief of the plaintiff, and defendant afterwards introduces evidence, and thereafter plaintiff introduces further evidence, and in rebuttal, and the defendant fails to renew his demurrer to all the evidence, or request an instructed verdict, and permits the issues joined to be submitted to the jury upon all the evidence without objection and exception, the verdict on review in this court is conclusive so far as such evidence is concerned, except as to excessive damages, appearing to have been given under the influence of passion or prejudice."

Defendant's contention that the court erred in fixing the amount of the remittitur merely attempts to raise the question of the sufficiency of the evidence, and is therefore governed by the above-quoted rule.

Defendant further charges that the court erred in not dismissing plaintiff's petition on motion interposed at the commencement of the trial in that the claim attached to the petition showed on its face that plaintiff had failed to comply with the mandatory provisions of sections 1231, 1233, and 1234, O. S. 1931 (58 Okla. St. Ann. secs. 331, 333, 334).

First, it is said that the claim is void for want of proper supporting affidavit as required by section 1234, above. It is here asserted that the affidavit attached to the claim is void for the reason that the notary before whom it was subscribed is plaintiff's attorney in the present action. Shanholtzer v. Thompson, 24 Okla. 198, 103 P. 595. In that case it was held that:

"An affidavit filed in a case, executed before a notary public who is attorney of record appearing for the party offering the same, is voidable, and on being assailed for this reason, in the absence of a request for amendment, where such a course is permissible, should be held void."

Affidavits sworn to by a party before his attorney of record, such as affidavits re-

quired in probate procedure in the sale of land, and those relating to attachment and service by publication, are ordinarily subject to amendment and are at most only voidable. Carolina v. Montgomery, 74 Okla. 121, 177 P. 612; Oliver v. Kelly, 162 Okla. 55, 18 P.2d 1064.

Assuming, but not deciding, that a valid affidavit is necessary to the validity of an actionable claim against a decedent's estate, the affidavit in this case is not of that character commonly held voidable or defective by reason of the relationship of attorney and client existing between the notary and the party. These decisions relate to affidavits filed in pending actions or proceedings. The mere filing of a claim in a decedent's estate with the administrator does not constitute an action pending. To form the basis of a later action it need not even be considered by the court in which the estate case is pending. Section 1239, O. S. 1931, 58 Okla. St. Ann. sec. 339. There is neither statute nor rule of law prohibiting an attorney as a notary from taking affidavits of the character here questioned. The notary may have been the claimant's attorney, but the affidavit was not made for any purpose relating to a pending action; for its validity it depended upon no judicial examination at the time. It is presuming too much to say that the claim was filed in contemplation of an action to commence at a future date and in which the notary would become the attorney of record for the claimant. With respect to this contention, we find no error in the record proper.

Defendant also contends that the petition showed upon its face that the claim sued upon was not the claim presented to the administrator, and for that reason the petition should have been dismissed.

The claim attached to the original petition was in regular form except the same contained no itemized statement of the services and supplies furnished deceased. The claim was for "board, laundry, nursing, supplies, etc., of Samuel Shumake, deceased, from July 28, 1932, to June 2, 1935. $1,149." Plaintiff was required to amend her petition showing the account itemized. This was done. But the claim as amended did not constitute a different claim; it was the same as that presented, rejected, and sued upon. Before amendment it was sufficient to advise the administrator of the nature thereof, and the amount, and was definite enough to bar another action for the same demand. The rule is stated in Timmons, Ex'x,. v. Hanna Const. Co., 176 Okla. 180, 55 P.2d 110, as follows:

"The claim required to be presented to the administrator or executor of the estate of a decedent, under O. S. 1931, secs. 1233, 1234, need 'not be in any particular form as to the body thereof. If it advises the administrator or executor of the nature of the claim, the amount demanded, and shows enough to bar another action for the same demand, it is sufficient. Hamilton v. Blakeney, 65 Okla. 154, 156, 165 P. 141."

In actions upon such claims they may be amended if the amendment does not materially change the same. See 'Smith v. Funk, 141 Okla. 188, 284 P. 638. There was no material change in the claim here, that is, there was no change sufficient to cause the claim to lose its identity.

Defendant contends that the verdict was in disregard of the court's instructions. We are, however, unable to find merit in this contention.

The judgment is affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.