## ROGER MILLS COUNTY CO-OPERATIVE ASS'N v. NEICE.

No. 28508.    Nov. 22, 1938.

McComas & McComas and R. N. Linville, for plaintiff in error.

Melrose Minton, for defendant in error.

GIBSON, J. This is an appeal from a judgment rendered September 24, 1937, in the district court of Beckham county in favor of defendant in error, plaintiff below, against plaintiff in error, defendant below. The parties are hereinafter referred to as they appeared in the trial court.

Defendant presents its appeal on the propositions: (1) Error in overruling its demurrer to plaintiff's petition; (2) error in overruling its demurrer to the evidence of plaintiff; and, (3) in substance, that the court erred in giving certain instructions, that the verdict is contrary to law and is not supported by sufficient evidence.

As to defendant's first contention, that there was error in overruling its demurrer to the petition, we find that the record contains no order overruling that demurrer and no exception to such ruling, nor does the recital as to the overruling of defendant's demurrer appearing in the record indicate that defendant preserved any ex-

ception to such ruling. Therefore, such charged error is not reviewable. Ward v. Coleman, 170 Okla. 201, 39 P.2d 113; Todd v. Webb, 134 Okla. 107, 272 P. 380.

As to defendant's second contention, that there was error in overruling defendant's demurrer to plaintiff's evidence, we find that, after interposing that demurrer at the first announced close of plaintiff's evidence, and the court's ruling thereon, further evidence was introduced by both parties. No further demurrer at the close of all the evidence was interposed, nor does the record reflect any motion for a directed verdict. In this state of the record such charged error is not reviewable. Local Building & Loan Ass'n v. Hudson-Houston Lumber Co., 150 Okla. 44, 3 P.2d 156; Advance-Rumely Thresher Co. v. Alexander, 156 Okla. 150, 9 P.2d 934; Henderson v. Trammell Oil Co., 159 Okla. 250, 15 P.2d 44.

As to defendant's third contention, which in part consists of complaint as to the giving of certain instructions, we find the record reflects no exceptions taken to the giving thereof, rendering the charged error unavailable for review. Wilhite v. Brin, 178 Okla. 339, 62 P.2d 1240; Hapgood v. Vickery, 95 Okla. 181, 217 P. 356. The remaining portion of defendant's third contention, that the verdict is not sustained by sufficient evidence, cannot be considered, the record lacking, as already observed, challenge of the sufficiency of the evidence by demurrer or motion at the close of all the evidence. Panther Oil & Gas Co. v. Brown, 170 Okla. 210, 39 P.2d 150; Wilhite v. Brin, supra.

The judgment of the trial court is affirmed.

OSBORN, C. J., and CORN, HURST, and DAVISON, JJ., concur.