### PICOW v. WINTERS.

No. 29791. April 8, 1941.

Rehearing Denied April 29, 1941.

*113 P. 2d 393.*

I. L. Harris and Ted R. Elliott, both of Oklahoma City, for plaintiff in error.

Ted Foster, of Oklahoma City, for defendant in error.

PER CURIAM. The defendant in error, hereinafter referred to as plaintiff, a minor, instituted this action by his father and next friend against the plaintiff in error, hereinafter referred to as defendant, to recover damages in the aggregate sum of $2,690 for personal injuries and loss of time and medical expenses incident thereto alleged to have been incurred as the result of the negligence of the servants of the defendant in unloading a piece of pipe. Answer consisted of an unverified general denial.

The cause was tried to a jury. The defendant demurred to the evidence of the plaintiff, but when his demurrer was overruled, introduced evidence in his defense and failed to move for directed verdict in his favor. The defendant also failed either to take or save any exceptions to the instructions which were given by the court. The evidence was in conflict in some respects, but was uncontroverted insofar as plaintiff's injury was concerned, which showed that plaintiff had sustained the loss of about two-fifths of the nail on a great toe, same being dead from the end back, and the nail bed being permanently injured. The jury returned a verdict in favor of plaintiff and assessed his recovery at the sum of $535. The defendant in his motion for new trial urged that this verdict was excessive, and upon hearing had upon said motion the court reduced the recovery to $400, overruled the motion for new trial and rendered judgment in favor of the plaintiff for $400.

The defendant has perfected this appeal and urges two propositions, which are, in substance; (1) That the judgment is still excessive; (2) that the court confused the jury in its instructions upon the question of agency. Under the first contention so presented the defendant seeks to measure the right of recovery by the schedule of compensation in the Workmen's Compensation Act, section 13356, O. S. 1931, 85 Okla. St. Ann. § 22, and cites numerous cases from various jurisdictions wherein verdicts for injuries involving toes were involved. The schedule of compensation in the Workmen's Compensation Act, supra, has no application whatsoever. The compensation provided under said act is in lieu of wages and not for injury sustained. Burnett-Hauert Lumber Company v. Thompson, 185 Okla. 627, 95 P. 2d 630. The defendant seeks, under the other cases cited by him, to measure the right of recovery on a comparative basis, using a loss of one-fifth of the great toe as the factor to be employed. Even if such cases were available, they would not help the defendant, for the reason that the uncontradicted evidence shows that plaintiff suffered a greater loss to his toe than one-fifth as assumed by the defendant. However, as pointed out above, the defendant at the close of all of the evidence failed to move for directed verdict, and therefore is, in effect, here seeking to obtain by indirection that which he could not obtain directly, namely, a review of the sufficiency of the evidence to sustain the verdict. This court is thoroughly committed to the rule that this is not permissible. See Estes v. Douglass, 186 Okla. 546, 99 P. 2d 117; Roger Mills County Co-op. Ass'n of America v. Neice, 184 Okla. 48, 84 P. 2d 621, and cases cited therein.

Under the second proposition the defendant likewise seeks to obtain a review of instructions given by the court although no exceptions were taken or saved thereto. This is likewise not permissible. Roger Mills County Co-op. Ass'n v. Neice, supra; Wilhite v. Brin, 178 Okla. 339, 62 P. 2d 1240. The contentions of the defendant present ques-

tions which are not reviewable under the record and under the prior decisions of this court. Under such circumstances, this court will not disturb the judgment of the trial court.

Judgment affirmed.

CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, and HURST, JJ., concur.