## PEPPERS REFINING CO. v. MOORE.

No. 33694. April 25, 1950.

*217 P. 2d 833.*

Robinson, Shipp & Robertson, of Oklahoma City, for plaintiff in error.

Lillard & Lillard and John M. Lawrence, all of Oklahoma City, for defendant in error.

HALLEY, J. Samuel S. Moore sued the Peppers Refining Company, a corporation, in the court of common pleas of Oklahoma county, to recover damages to growing crops, trees, shrubs, grass, and certain personal property, occurring in June, 1946, because of oil being sprayed thereon by a well operated by the Peppers Refining Company.

Trial to a jury resulted in a judgment for the plaintiff in the sum of $750. A remittitur of $50 was ordered and agreed upon, leaving a judgment for $700. We shall refer to the parties as they appeared in the trial court.

Defendant has appealed and presents its assignment of error under a single proposition, as follows:

"The trial court erred in giving instructions No. 1 and No. 8 to the jury."

Oral instructions were given in this case. Instruction No. 1 is practically a restatement of the plaintiff's petition, and therein were listed the different items of damage, being the loss of the berry crop for two years; vegetables killed; front lawn ruined; replacement of two full-grown Chinese elm trees; various trees and shrubs replaced but not to their original value; one large elm shade tree ruined; couch in the living room damaged; and cleaning of oily clothes, which items of damage totaled $1,500.

That part of instruction No. 8 about which the defendant complains is the usual stock instruction in a case of this kind as to the amount of damage. The defendant claims that these two instructions do not give the proper measure of damage. These instructions make no attempt to instruct on the measure of damage, and are not intended as instructions on the measure of damage. No request was made by the defendant for an instruction on the measure of damage. We held in Main et ux. v. Levine et ux., 189 Okla. 564, 118 P. 2d 252, that it was the duty of the defendant to make a request for an instruction on the measure of damage, or call the court's attention to its failure to so instruct. It was the duty of the defendant here to make these suggestions to the trial court, especially in a case where it had agreed that oral instructions might be given.

It is to be further noted that in this case there was no demurrer to the evidence, nor was a motion made for a directed verdict, nor a motion made to strike any of the items from the petition for the reason that they were not sustained by the evidence. As a matter of fact, there were three items upon which there was no evidence as to the amount of monetary damage: The various trees and shrubs replaced but not to their original value, set out in the petition at $175; the couch in the living room, valued at $50; and the cleaning of oily clothes, $10. There was evidence sustaining all of the other items to an amount in excess of the $750 which the jury allowed. The trial court, on motion for new trial, ordered a remittitur of $50 and entered judgment for $700.

We held in Bolon v. Smith, 170 Okla. 407, 40 P. 2d 677, that in a case where the defendant offered evidence after demurrer to plaintiff's evidence was overruled, and did not move for a directed verdict at the close of the evidence, the defendant could not urge against an adverse verdict that the evidence was insufficient to establish a cause of action in the plaintiff's favor. Certainly, where there was evidence to sustain the verdict, and there was no demurrer to the evidence, motion for a directed verdict, or motion to strike particular items, the defendant cannot now complain, especially where there was sufficient evidence offered to sustain the amount of the verdict of the jury and of the judgment of the court as actually rendered. The judgment is affirmed.