PALLADY v. TAYLOR ex ux.

No. 34838.   March 25, 1952.

*242 P. 2d 444.*

Mounger & Hogge, Oklahoma City, for plaintiff in error.

Wm. R. Herring and Wm. Walter Hentz, Oklahoma City, for defendants in error.

BINGAMAN, J.   This is an action brought by plaintiffs, George Taylor and Myrtle E. Taylor, husband and wife, against Ben Pallady, dba Pallady Welding & Equipment Company, to recover damages to their two story dwelling house and garage apartment, caused by an explosion upon the property of defendant. From a verdict and judgment in favor of plaintiffs, defendant appeals.

In this court the sole contention made by defendant is as follows:

"Proposition No. 1.

"It was impossible for the jury to determine from the testimony with any degree of certainty whatsoever, the amount of damages sustained by plaintiffs and the verdict of the jury in the amount of $1,370.00 is not supported by the evidence, is excessive and appears to have been given under the influence of passion and prejudice."

The plaintiffs urge under the authority of Picow v. Winters, 189 Okla. 45, 113 P. 2d 393, that we cannot consider this assignment of error by the defendant for the reason the defendant on the trial of the cause did not renew his demurrer or move for a directed verdict at the close of all the evidence. We did adopt this view in Picow v. Winters, supra, following Saunders v. McKee, 177 Okla. 357, 58 P. 2d 1234, and held that the issue of whether the verdict of a jury was excessive involved a review of the sufficiency of the evidence, and in the absence of a motion for a directed verdict at the close of the evidence, the matter would not be reviewed.

The rule from which the above extention was developed was first announced by this court in Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 P. 157, where we said:

"Where the plaintiff permits issues joined to be submitted to the jury upon the evidence without objection and exception, the verdict on review in this court is conclusive, so far as such evidence is concerned, except as to 'excessive damages, appearing to have been given under the influence of passion and prejudice.' "

This rule was followed in Abraham v. Gelwick, 123 Okla. 248, 253 P. 84; Dallas v. Malernee, 180 Okla. 532, 71 P. 2d 492; Shumake v. Haggard, 183 Okla. 223, 80 P. 2d 643; Self v. Vickery, 201 Okla. 492, 207 P. 2d 287, and Peppers Refining Co. v. Moore, 202 Okla. 682, 217 P. 2d 833. We conclude the true rule to be that the failure to move for a directed verdict at the close of all the evidence is a waiver of any objection that the evidence is not sufficient to go to the jury. The extension of that rule, however, to preclude a review of an alleged excessive verdict, in the absence of a motion for a directed verdict, is, in our opinion, unwarranted, and Picow v. Winters, 189 Okla. 45, 113 P. 2d 393, and Saunders v. McKee, 177 Okla. 357, 58 P. 2d 1234, in so far as they so hold, are hereby overruled.

Considering the evidence to determine whether or not the verdict is excessive, it is noted the only proof on damage was offered by plaintiff. The plaintiff offered the testimony of a contractor who estimated the damage as a result of the explosion at $1,692.26. This included a contractor's profit or commission of $153.84. The verdict was for $1,370. The work of repairing the property was not done by this contractor, but was undertaken by the plaintiffs themselves. The proof further showed the plaintiffs had already expended $739.32 on the repairs and the same had not yet been completed. The property had not been restored to its condition prior to the explosion. It is strongly urged that the contractor's estimate of the damage is of no value because he did not do the repair work. As a qualified expert he could, of course, estimate the damage and cost of repair without performing the work or making the repairs. Since the verdict is reasonably supported by competent evidence, the court will not further review the evidence. Farmers State Bank v. Hess, 138 Okla. 190, 280 P. 305, 66 A. L. R. 894.

There is no evidence in the record to indicate passion and prejudice toward the defendant on the part of the jury and the verdict being for less than the plaintiffs' proof of damage, it does not appear to be excessive.

Affirmed.